**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 10-21612-CIV-ALTONAGA/Brown**

**PALADIN SHIPPING CO. LTD.**, *et al.*,

       Plaintiffs,

vs.

**STAR CAPITAL FUND, LLC**
and **LEON GOLDSTEIN**,

       Defendants.

_____/

**<u>ORDER</u>**

**THIS CAUSE** comes before the Court on Defendant, Star Capital Fund, LLC's ("Star Capital['s]") Motion to Dismiss for Failure to State a Cause of Action (the "Motion") [ECF No. 21], filed on July 21, 2010.  The Court has carefully reviewed the parties' written submissions and applicable law.

**I.  BACKGROUND**

Star Capital is a Florida limited liability company named as a Co-Defendant in this action along with Leon Goldstein ("Goldstein"), a managing member of Star Capital.  Plaintiffs, Paladin Shipping Company LTD. ("Paladin") and Anatoliy Chaban, allege that Star Capital received $1,150,000 for the benefit of Goldstein, as part of a loan arrangement between the Plaintiffs and Goldstein.  (*See* Compl. ¶¶ 7–9 [ECF No. 1]).  In the Motion, Star Capital seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of Count III of the Complaint, which alleges Star Capital failed to pay back money lent by Plaintiffs, and Count IV, which alleges that Star Capital has been unjustly enriched by retaining the money deposited into its account.  (*See* Mot. 3–7).

Case No. 10-21612-CIV-ALTONAGA/Brown

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.  *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  But pleadings that "are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 129 S. Ct. at 1950; *see also Sinaltrainal*, 578 F.3d at 1260 ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.").  A

court's analysis of a Rule 12(b)(6) motion "is limited primarily to the face of the complaint and attachments thereto." *Brooks*, 116 F.3d at 1368.

## III. ANALYSIS

### A. Count III – Money Lent

Star Capital seeks dismissal of Count III because Plaintiffs do not allege the existence of a loan to Star Capital.  (*See* Mot. 4).  "An action for money lent is an action at law which lies whenever there has been a payment of money from the plaintiff to the defendant as a loan."  42 C.J.S. IMPLIED CONTRACTS § 2 (2010).  In order to state a claim for money lent, a plaintiff must allege: (1) money was delivered to the defendant, (2) the money was intended as a loan, and (3) the loan has not been repaid.[1] *See* 66 Am. Jur. 2d RESTITUTION AND IMPLIED CONTRACTS § 171 (2010) (citing *Doughty v. Sullivan*, 661 A.2d 1112, 1123 (Me. 1995)); *cf.* Fla. R. Civ. P. Form 1.936 (implying the three elements in the pleading form).[2]

Here, the allegations of the Complaint, even when read in the light most favorable to the Plaintiffs, do not establish the second element — that the money deposited into Star Capital's bank account was intended as a loan.  Plaintiffs claim "Star Capital owes Paladin . . . $750,000 . . . that

---

[1] Plaintiffs cite *Bannoura v. Bannoura*, 655 So. 2d 1187 (Fla. 4th DCA 1995) (per curiam), for the proposition that to sustain a cause of action for money lent Plaintiffs "need only allege that money is due." (*See* Resp. 4 [ECF No. 22]).  Plaintiffs' conclusion overreaches; *Bannoura* only supports the proposition that money being due is one element of a cause of action for money lent.  *See generally* 655 So. 2d at 1188. Additionally, "being due" implies the existence of an obligation to repay.  Plaintiffs have not alleged any factual information to support their allegation the money was lent to Star Capital.

[2] Authority on the elements of a *prima facie* case for money lent is scant in Florida jurisprudence. However, it is axiomatic that to recover money lent, a plaintiff must allege the existence of a loan to the defendant.  *See Pick v. Adams*, 123 So. 547, 549 (Fla. 1929) ("The action, if any at all exists in favor of the plaintiff, must rest upon some express or implied promise of the defendant to pay the debt alleged to be due . . . .  The evidence introduced can hardly be deemed . . . to support [the] common count[] for money lent to the defendant.")

is due with interest since March 9, 2009, for money lent by Paladin to Star Capital in September 2008." (Compl. ¶ 23). It should be noted the language of this pleading mimics a fill-in-the-blank pleading example provided in Florida Rule of Civil Procedure Form 1.936.[3] Nevertheless, the Supreme Court in *Twombly* clearly requires more than "a formulaic recitation of the elements of a cause of action," 550 U.S. at 555, or "naked assertion[s]" devoid of "further factual enhancement," *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Plaintiffs allege neither a written, oral, nor an implied agreement to lend money to Star Capital, nor other facts that make this cause of action plausible against this Defendant. To the contrary, Plaintiffs incorporate their general allegation the money was "deposited into Star Capital's bank account, for the benefit of Goldstein" into their specific allegation that Star Capital is liable for money lent. (Compl. ¶¶ 9, 17–18). This description is more typical of a trust — rather than loan relationship — between Plaintiffs and Star Capital. *See Bankers Life & Cas. Co. v. Gaines Const. Co.*, 199 So. 2d 482, 485 (Fla. 3d DCA 1967) ("If the intention is that the money shall be kept or used as a separate fund for the benefit of the depositor, or third person a 'trust' is created. However, if the intention is that the person receiving the money shall have unrestricted use thereof . . . a 'debt' is created."). Because the Plaintiffs do not plead facts from which the Court can reasonably infer the money transferred to Star Capital was intended as a loan to Star Capital, they fail to state a cause of action for money lent.

### B. Count IV – Unjust Enrichment

Star Capital seeks dismissal of Count IV on the ground that Plaintiffs do not allege any benefit was conferred on Star Capital. The elements of a cause of action for unjust enrichment are:

---

[3] The pleading form reads in relevant part: "[p]laintiff, A. B. , sues defendant, C. D., and alleges . . . . [d]efendant owes plaintiff $ .......... that is due with interest since ..... (date) ....., for money lent by plaintiff to defendant on .....(date)......" Fla. R. Civ. P. Form 1.936.

(1) plaintiff has conferred [a] benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

*Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (quoting *Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994)).

Addressing the first element, Plaintiffs allege Paladin conferred a benefit on Star Capital by depositing $1,150,000 into Star Capital's bank account and that Star Capital was aware of this deposit. (*See* Compl. ¶¶ 24–25). Star Capital maintains any benefit from the deposit into its account was conferred only on Goldstein. (*See* Mot. 6). In support, Star Capital points to the general allegations of Plaintiffs' Complaint, which state "[t]his business transaction was conducted for the benefit of Goldstein." (*Id.*; *see also* Compl. ¶ 9). Plaintiffs respond they are merely pleading in the alternative by alleging there was either a contract for a loan from Plaintiffs to Goldstein, or there was an unjust enrichment of Star Capital. (*See* Resp. 3). It is true, as Plaintiffs assert, they are free to plead the parties' conduct is governed by a contract in one count, and at the same time, plead there was no contract in another count. *See Indulgence Yacht Charters Ltd. v. Ardell, Inc.*, No. 08-60739, 2008 WL 4346749, at *6 (S.D. Fla. Sept. 16, 2008). However, in Count IV, Plaintiffs allege the money was transferred to Star Capital for the benefit of Goldstein (*see* Compl. ¶¶ 9, 23–24); they do not allege it was for Star Capital's own use. Assuming Plaintiffs' allegation to be true, no benefit was conferred on Star Capital.

Furthermore, Plaintiffs simply restate the remaining two elements of the cause of action for unjust enrichment with "plaintiff" and "defendant" capitalized. (*See Compl.* ¶¶ 25–27). These "are no more than conclusions" and "are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at

Case No. 10-21612-CIV-ALTONAGA/Brown

1950.  Because the second and third elements require a benefit to have been conferred on Star Capital, and Plaintiffs have not alleged any such benefit, the allegations in the Complaint are insufficient.  Therefore, Plaintiffs do not state a cause of action for unjust enrichment against Star Capital.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss **[ECF No. 21]** is **GRANTED**.

2. Counts III and IV of the Complaint are **DISMISSED without prejudice** with respect to Defendant, Star Capital Fund, LLC.

3. Plaintiffs have until **September 6, 2010** to file an amended complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of August, 2010.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

6