IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 10-CV-21612 ALTONAGA/BROWN

PALADIN SHIPPING COMPANY, LTD.,
a foreign corporation and ANATOLIY CHABAN,
an individual,

                Plaintiffs,

vs.

STAR CAPITAL FUND, LLC, a Florida
Limited liability company, and LEON
GOLDSTEIN, an individual

                Defendants.

_____

**<u>DEFENDANT LEON GOLDSTEIN'S MOTION TO QUASH SERVICE OF PROCESS
AND DISMISS PLAINTIFFS' AMENDED COMPLAINT FOR FAILURE TO PERFECT
SERVICE OF PROCESS IN ACCORDANCE WITH THE ORDER OF THIS COURT
[D.E. 17] WITH INCORPORATED MEMORANDUM OF LAW</u>**

COMES NOW, the Defendant, LEON GOLDSTEIN ("GOLDSTEIN"), and files this Motion to Quash Service of Process for Failure to Perfect Service of Process and, if granted, Dismiss Plaintiffs PALADIN SHIPPING COMPANY, LTD., a foreign corporation and ANATOLIY CHABAN's, an individual (hereinafter collectively referred to as "Plaintiffs") Amended Complaint for failure to comply with this Court's Order of July 6, 2010 [D.E. 17] , and states as follows:

On July 6, 2010, this Court signed an Order requiring service to be perfected on GOLDSTEIN by September 19, 2010 [D.E. #17]. As time was running out for Plaintiffs to perfect service of process on GOLDSTEIN, on September 13, 2010, Plaintiffs rendered a defective and invalid service of process on GOLDSTEIN by attempting service on his estranged

1

wife Nataliya Slobodyanik at 1445 Windjammer Way, Hollywood, Florida 33019 (Affidavit of Service on Defendant GOLDSTEIN [D.E. 26] attached hereto as <u>Exhibit A</u>).

In support of this motion, attached hereto as <u>Exhibit B</u> and <u>Exhibit C</u>, are the Affidavits of GOLDSTEIN and his estranged wife, Nataliya Slobodyanik, which state that GOLDSTEIN has not resided at 1445 Windjammer Way in nearly two years, that his usual place of abode is 17555 Collins Avenue, Sunny Isles Beach, Florida 33160, and that Ms. Slobodyanik informed the process server that she could not accept service of process on GOLDSTEIN's behalf.

Notwithstanding the foregoing notice, Plaintiffs via their process server left the papers in this case at Ms. Slobodyanik's door without conducting the necessary due diligence to determine Defendant GOLDSTEIN's actual place of residence.  Upon information and belief, this service was effectuated in this hurried manner solely to claim "service" had been effectuated prior to the deadline date set by the Order of this Court instead of Plaintiffs filing a Motion for Enlargement of Time since Plaintiffs were fully aware that GOLDSTEIN was at the time service was attempted, located in the Ukraine since Plaintiffs attempted to serve Defendant GOLDSTEIN in the Ukraine.

In that service was not effectuated to a person of suitable age or discretion <u>at Defendant GOLDSTEIN's dwelling or usual place of abode</u>, Plaintiffs have therefore failed to perfect service of process upon GOLDSTEIN prior to September 19, 2010, as So Ordered by this Court and as such, service should be quashed as a matter of law and the case against GOLDSTEIN dismissed for failure to comply with this Court's directive.

**ARGUMENT**

Under the Fed. R. Civ. P. 4(e) (2010), services of process may be had by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located

>> or where service is made; or
>> (2) doing any of the following:
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

"The principle purpose of the service of process rule is to give the defendant notice that an action has been initiated." Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999). In addition, "a plaintiff has the burden of proving proper service of process." Id., citing Aetna Business Credit, Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981). Plaintiff has failed to perfect service upon GOLDSTEIN because 1445 Windjammer Way is not his dwelling or usual place of abode.

In Williams v. Capital Transit Co., 215 F.2d 487 (D.C. Cir. 1954), a case with almost identical facts, the court held that service upon a defendant's wife, from whom he was separated for three years, was ineffective. The court stated, "Of course, if the defendant did not in fact reside at 311 Madison Street, N.W., after September 1947, it was not his 'usual place of abode' even if his wife, from whom he was separated, still resided there." Williams, 215 F.2d at 489. See De Fazio v. Wright, 229 F. Supp. 111 (D.N.J. 1964) (service of process was invalid when summons was delivered to defendant's former abode and left with defendant's spouse four months after their separation).

In the instant matter, Defendant GOLDSTEIN has been living separately from his estranged wife for almost two years. As such, service purportedly effectuated upon him by leaving the Summons and Complaint in the doorway of the home occupied by Nataliya Slobodyanik, with whom he had not resided in almost two years, is insufficient to establish

service of process in accordance with Fed. R. Civ. P. 4(e) and as such service on Defendant GOLDSTEIN should be quashed as a matter of law.

WHEREFORE Defendant GOLDSTEIN respectfully requests this Court to quash the service of process upon LEON GOLDSTEIN for failure to properly serve said Defendant in accordance with Fed. R. Civ. P. 4(e) and dismiss Plaintiffs' Amended Complaint for failure to perfect service of process pursuant to this Court's Order of July 6, 2010.

Dated: Miami Beach, Florida
      October 18, 2010                               Respectfully submitted,

                                                    s/ *Michael I. Bernstein*
                              By: _____
                                                    Michael I. Bernstein, Esq.
                                                    Florida Bar No.546208
                                                    MICHAEL I. BERNSTEIN, P.A.
                                                    1688 Meridian Avenue, Suite 418
                                                    Miami Beach, Florida 33139
                                                    Telephone: (305) 672-9544
                                                    Facsimile: (305) 672-4572
                                                    e-mail: michael@miblawoffice.com

CERTIFICATION OF SERVICE

      I certify that on October 18, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                     /s Michael I. Bernstein, Esq.


**Service List**
*Paladin Shipping Company, Ltd et al v. Star Capital Fund, LLC at al*
10-CV-21612
United States District Court, Southern District of Florida


Craig Robert Lewis, Esq.
JORGE M ABRIL PA
1201 Brickell Avenue, Suite 230
Miami, FL 33131
Tel. (305) 373-0901
Fax: (305) 373-0119
e-mail: crlewis@abrilaw.com