## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 10-21612-CIV-ALTONAGA/Brown

**PALADIN SHIPPING CO. LTD.**, *et al.*,

      Plaintiffs,

vs.

**STAR CAPITAL FUND, LLC**
and **LEON GOLDSTEIN**,

      Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court on Defendant, Star Capital Fund, LLC's ("Star Capital['s]") Motion to Dismiss the Amended Complaint for Failure to State a Cause of Action (the "Second Motion") [ECF No. 27], filed September 17, 2010. The Court has carefully considered the parties' submissions and the applicable law.

### I. BACKGROUND[1]

Star Capital has filed a second motion to dismiss the claims asserted by Plaintiffs, Paladin Shipping Co. Ltd. ("Paladin") and Anatoliy Chaban. Star Capital's Motion to Dismiss for Failure to State a Cause of Action (the "First Motion") [ECF No. 21], filed July 21, 2010, was granted because Plaintiffs' Complaint (the "First Complaint") [ECF No. 1] failed to state plausible claims against Star Capital for money lent and unjust enrichment. (*See* Order (the "August 27 Order") [ECF

---

[1] The facts in the background section are taken from the Amended Complaint [ECF No. 25] and presented in the light most favorable to Plaintiff.

Case No. 10-21612-CIV-ALTONAGA/Brown

No. 24]). Plaintiffs filed their Amended Complaint on September 3, 2010. On September 17, 2010, Star Capital filed its Second Motion.

As stated in the August 27 Order, Star Capital is named as a co-defendant in this action along with Leon Goldstein ("Goldstein"), a managing member of Star Capital. The Amended Complaint alleges Paladin deposited $1,150,000 into Star Capital's bank account with the understanding — based upon representations made by Star Capital — that the moneys would be repaid.[2]  (*See* Am. Compl. ¶¶ 7, 21). In April 2009, Star Capital made a payment to Paladin in the amount of $425,000. (*See id.* ¶ 8). The remaining $725,000 has not been repaid. (*See id.* ¶ 9). Plaintiffs allege they are unaware how the money was directed by Star Capital following Paladin's deposit (*see id.* ¶ 25), except that a portion remained in Star Capital's account until April 2009 (*see id.* ¶ 27). Based on these factual allegations, the Amended Complaint alleges claims against Star Capital and Goldstein for money lent and unjust enrichment. (*See id.* ¶¶ 17–35).

In the Second Motion, Star Capital renews its request that the Court dismiss Count III of the Amended Complaint, which alleges Star Capital failed to pay back money lent by Plaintiffs, and Count IV, which alleges Star Capital has been unjustly enriched by retaining the money deposited into its account. (*See* Second Mot. 3–8).

---

[2] This is a change from the First Complaint which had alleged the money was "deposited into Star Capital's bank account, for the benefit of Goldstein." (First Compl. ¶ 9).

2

Case No. 10-21612-CIV-ALTONAGA/Brown

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).  To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949).

### III.  ANALYSIS

#### A.  Count III – Money Lent

Star Capital seeks dismissal of Count III because Plaintiffs do not allege "the money deposited into Star Capital's bank account was intended and agreed upon as a loan" to Star Capital. (*See* Mot. 4).  "An action for money lent is an action at law which lies whenever there has been a payment of money from the plaintiff to the defendant as a loan." 42 C.J.S. IMPLIED CONTRACTS § 2 (2010).  In order to state a claim for money lent, a plaintiff must allege: (1) money was delivered

3

Case No. 10-21612-CIV-ALTONAGA/Brown

to the defendant, (2) the money was intended as a loan, and (3) the loan has not been repaid.  *See* 66 Am. Jur. 2d RESTITUTION AND IMPLIED CONTRACTS § 171 (2010) (citing *Doughty v. Sullivan*, 661 A.2d 1112, 1123 (Me. 1995)); *cf.* Fla. R. Civ. P. Form 1.936 (implying the three elements in the pleading form).

The August 27 Order found the First Complaint did not state a claim for money lent against Star Capital because Plaintiffs alleged the money deposited into Star Capital's bank account was "for the benefit of Goldstein" — a fact that is inconsistent with the money being a loan to Star Capital. (August 27 Order 4).   The Amended Complaint has made several changes to address the inconsistency of the First Complaint's allegations as to Count III.   The Amended Complaint no longer contains the general allegation that the money was deposited into Star Capital Fund's bank account for the benefit of Goldstein as an individual.   It also describes Goldstein's status as one of two controlling members of the company that owns and operates Star Capital.   (*See* Am. Compl. ¶ 4).   Finally, it alleges Star Capital represented to Plaintiffs that the money deposited into Star Capital's account would be paid back over time, and that the Plaintiffs only gave Star Capital the money because of that representation.   (*See id*. ¶ 21).

Taking these allegations as true, the Amended Complaint does state a claim for money lent against Star Capital because these allegations permit a plausible inference there was an oral or implied agreement by Goldstein, acting with actual or apparent authority on behalf of Star Capital, that Star Capital would pay back the money over time — i.e., that there was a loan to Star Capital. The plausibility of this inference is confirmed by the Amended Complaint's allegation that Star Capital did in fact pay back a portion of the money that had been deposited.   (*See* Am. Compl. ¶¶

4

Case No. 10-21612-CIV-ALTONAGA/Brown

8, 22).  These additional factual allegations satisfy the second element of the cause of action for money lent, and accordingly, Count III of the Amended Complaint states a claim against Star Capital.

## B.  Count IV – Unjust Enrichment

Star Capital seeks dismissal of the claim for unjust enrichment because the benefit of the money deposited in Star Capital's account went to Goldstein, not Star Capital, and Star Capital did not request the money be deposited into its account.  (*See* Second Mot. 6–8).  The elements of a cause of action for unjust enrichment are:

> (1) plaintiff has conferred [a] benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

*Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996) (quoting *Hillman Constr. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994)).

Addressing the first element, Star Capital maintains any benefit from the deposit into its account was conferred only on Goldstein because he requested the money be deposited in Star Capital's account.  (*See* Mot. 6–7).  Plaintiffs respond it is reasonable to infer Goldstein requested the deposit into Star Capital's account as a controlling member of Star Capital with actual or apparent authority from Star Capital.  (*See* Resp. [ECF No. 28]).  Plaintiffs add at least some portion of the funds remained in Star Capital's account for about six months (*see* Am. Compl. ¶ 27), during which time Star Capital may have accrued interest or otherwise used the money (*see* Resp. 4 n.2). Finally, the Amended Complaint no longer contains the general allegation that the deposit was for

5

Case No. 10-21612-CIV-ALTONAGA/Brown

the benefit of Goldstein; this deletion addresses the primary concern highlighted in the August 27 Order — that a deposit for the benefit of Goldstein could not have conferred a benefit on Star Capital. This inconsistent general allegation having been removed, it is reasonable to infer that when a managing member of Star Capital requested the money be deposited into Star Capital's account the benefit was conferred on Star Capital rather than the member individually.

Defendants also contend the second element of unjust enrichment is not satisfied. (*See* Second Mot. 7–8). Defendants maintain that in order to state a claim for unjust enrichment under Florida law, a defendant must have requested the benefit conferred. Defendants rely on *Coffee Pot Plaza P'ship v. Arrow Air Conditioning and Refrig., Inc*., 412 So.2d 883, 884 (Fla. 2d DCA 1982), to establish this requirement and urge that Star Capital did not request the loan be deposited in its account. (*See* Second Mot. 6–7). In response, Plaintiffs cite the full holding of *Coffee Pot Plaza*, which reads, "Where unjust enrichment is asserted, a party is liable for services rendered only when he requests the other party to perform the services *or knowingly and voluntarily accepts their benefits*." 412 So.2d at 884 (emphasis added). Because Goldstein, a controlling member of Star Capital had the funds deposited in Star Capital's account, it is reasonable to impute to Star Capital the knowledge that a benefit had been conferred on it. *See Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.*, 144 F.3d 732, 736 (11th Cir. 1998) ("Under Florida law, the knowledge of a corporate officer whose fraud or misbehavior brings short-term gain to the corporation, or merely injures a third party, is imputed to the corporation.") (citing *Seidman & Seidman v. Gee*, 625 So.2d 1, 3 (Fla. 3d DCA 1992)). Based on the allegations in the Amended Complaint it is plausible to infer Star Capital knowingly accepted the deposit.

6

Case No. 10-21612-CIV-ALTONAGA/Brown

Defendants also argue the third element is not adequately pleaded because Goldstein and not Star Capital was the recipient of the loan.  (*See* Second Mot. 8).  But this begs the question because the issue is whether the money was lent to Goldstein or Star Capital.  If Plaintiffs' alternative theory that the money was lent to Star Capital is correct, then it would be inequitable for Star Capital to retain it.  Consequently, the Amended Complaint states a claim for unjust enrichment against Star Capital.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant Star Capital Fund, LLC's Motion to Dismiss **[ECF No. 27]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of October, 2010.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

7