UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-21612-CIV-ALTONAGA/Brown

PALADIN SHIPPING CO. LTD., a Foreign
Corporation, and ANATOLIY CHABAN, an
individual,

    Plaintiffs,

vs.

STAR CAPITAL FUND, LLC, a
Florida Limited Liability Company, and
LEON GOLDSTEIN, an individual,

    Defendants.                                    /

## SECOND AMENDED COMPLAINT

The Plaintiffs, Paladin Shipping Co. Ltd. ("Paladin"), and Anatoliy Chaban ("Chaban"), by and through their undersigned counsel, sue the Defendants, Star Capital Fund, LLC ("Star Capital") and Leon Goldstein ("Goldstein"), and in support of their claims for affirmative relief state as follows:

### PARTIES

1. Paladin is a Corporation organized under the laws of Belize, who is not a citizen of the State of Florida or of the United States.

2. Chaban is an individual who resides in Ukraine, who is not a citizen of the State of Florida or of the United States.

3. Star Capital is a Limited Liability Company organized under the Laws of Florida, with its principal place of business located at 3363 Northeast 163 Street, Suite 705, North Miami Beach, Florida 33160.

4. Leon Goldstein is an individual who (a) currently resides in Miami-Dade or Broward County, Florida, (b) previously resided in the State of Florida and has subsequently become a nonresident, or (c) currently resides in the State of Florida and is concealing his whereabouts. At all material times, Goldstein conducts and conducted business in the State of Florida, by virtue of being one of two managing members of Star Capital Management, LLC, the Florida Limited Liability Company owning and operating Defendant Star Capital, and being an owner, agent, and/or officer of several other Florida business entities. The causes of action raised in the instant lawsuit against Goldstein arise from transactions or operations connected with or incidental to Star Capital Fund, LLC.

## JURISDICTION

5. This Court has Jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1332(a), because the Plaintiffs are citizens of a foreign state and the Defendants are citizens of the State of Florida, and because the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00).

## VENUE

6. Venue for this action is proper in this District pursuant to 28.U.S.C. § 1391(a) because the Defendant, Star Capital Fund, LLC resides in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

7. In September of 2008, the Plaintiffs wired One Million One Hundred Fifty Thousand and No/100 Dollars ($1,150,000.00) from the bank account of Paladin to the bank account of Star Capital, with the understanding that said moneys would be paid back over time.

8. These funds were partially repaid in April 2009, via a wire transfer from Star Capital's bank account to Paladin's bank account in the amount of Four Hundred Twenty-Five Thousand and No/100 Dollars ($425,000.00).

9. The remaining Seven Hundred Twenty-Five Thousand and No/100 Dollars ($725,000.00) have not been repaid.

10. The Plaintiffs have communicated repeated demands to the Defendants, or their agents, for the repayment of the outstanding balance, but the Defendants have failed to comply with said demands.

11. The Plaintiffs have been forced to secure the representation of the undersigned to recover monies owed to the Plaintiffs by the Defendants and have been required to pay the undersigned a reasonable fee for its services.

12. All conditions precedent to the filing of this action have been performed by the Plaintiffs or excused or waived by the Defendants.

**COUNT I - BREACH OF CONTRACT AGAINST GOLDSTEIN**

The Plaintiffs reallege the allegations contained in paragraphs 1–12 and incorporate those allegations herein as if fully set forth below, and further allege:

13. On or about September 5, 2008 and September 8, 2008, respectively, Paladin and Goldstein entered into two separate agreements, whereby Paladin would lend the sum of One Million One Hundred Fifty Thousand and No/100 Dollars ($1,150,000.00) to Goldstein, which would be repaid on or before March 11, 2009. Copies of certified translations of those agreements from its original Russian to English are attached hereto and incorporated herein as Plaintiffs' Exhibits "A" and "B."

14. Paladin performed its duties under the agreements by causing to be deposited into Star Capital's bank account the amount of One Million One Hundred Fifty Thousand and No/100 Dollars ($1,150,000.00).

15. Goldstein failed to perform under the agreements by failing to repay Paladin the full amount agreed upon by March 11, 2009.

16. Paladin has been damaged as a result of Goldstein's failure to perform under the agreements.

WHEREFORE, the Plaintiff, Paladin Shipping Co. Ltd., prays the Court for a judgment on its behalf and against the Defendant, Leon Goldstein, for damages within the jurisdictional amount, plus interest and court costs, and any other relief the Court deems just and proper.

### COUNT II – MONEY LENT BY CHABAN TO GOLDSTEIN

The Plaintiffs reallege the allegations contained in paragraphs 1–12 and incorporate those allegations herein as if fully set forth below, and further allege:

17. On or about September 8, 2008, Chaban and Goldstein entered into a business transaction whereby Chaban would loan Goldstein certain sums of money, which would be repaid on or before March 2009.

18. On or before January 25, 2009, Goldstein borrowed One Million One Hundred Fifty Thousand and No/100 Dollars ($1,150,000.00) from Chaban, as evidenced by a document executed in Russian by Goldstein, entitled "Contract."  A copy of the Contract is attached hereto and incorporated herein as Plaintiffs' Exhibit "C."  A copy of a certified translation to English of the Contract is attached hereto and incorporated herein as Plaintiffs' Exhibit "D."

19. Goldstein paid Four Hundred Twenty-Five Thousand and No/100 Dollars ($425,000.00), in partial satisfaction of the total amount owed, but has failed to return the remainder as agreed by the parties.

20. Goldstein owes Chaban Seven Hundred Twenty-Five Thousand and No/100 Dollars ($725,000.00) that is due with interest since March 9, 2009, for money lent by Chaban to Goldstein on or before January 25, 2009.

WHEREFORE, the Plaintiff, Anatoliy Chaban, prays the Court for a judgment on its behalf and against the Defendant, Leon Goldstein, for damages within the jurisdictional amount, plus interest and court costs, and any other relief the Court deems just and proper.

### COUNT III – MONEY LENT BY PALADIN SHIPPING TO STAR CAPITAL

The Plaintiffs reallege the allegations contained in paragraphs 1–12 and incorporate those allegations herein as if fully set forth below, and further allege:

21. In September 2008, at the request of Star Capital, Paladin caused to be deposited into Star Capital's bank account One Million One Hundred Fifty Thousand and No/100 Dollars ($1,150,000.00), with the understanding, based upon representations made by Star Capital, that said funds would be paid back over time.

22. Star Capital returned Four Hundred Twenty-Five Thousand and No/100 Dollars ($425,000.00), but has failed to return the remainder of the money transferred to Star Capital.

23. Star Capital owes Paladin Seven Hundred Twenty-Five Thousand and No/100 Dollars ($725,000.00) that is due with interest since March 9, 2009, for money lent by Paladin to Star Capital in September 2008.

WHEREFORE, the Plaintiff, Paladin Shipping Co., Ltd., prays the Court for a judgment on its behalf and against the Defendant, Star Capital Fund, LLC, for damages within the

jurisdictional amount, plus interest and court costs, and any other relief the Court deems just and proper.

## COUNT IV - UNJUST ENRICHMENT

The Plaintiffs reallege the allegations contained in paragraphs 1–12 and incorporate those allegations herein as if fully set forth below, and further allege:

24. The Plaintiffs have conferred a direct benefit upon the Defendants by depositing funds in the amount of One Million One Hundred Fifty Thousand and No/100 Dollars ($1,150,000.00) into Star Capital's bank account, with the understanding that this money would be paid back over time.

25. The Plaintiffs are unaware of how that money was directed by Star Capital after it was deposited into Star Capital's bank account.

26. Those funds were either withdrawn from Star Capital's bank account by Goldstein, or retained, in whole or in part, by Star Capital.

27. Upon information and belief, some of the funds deposited into Start Capital's bank account were retained by Star Capital until April of 2009, when Star Capital caused a portion of those funds to be sent to the Plaintiffs via a wire transfer from its account to the account of Paladin.

28. Goldstein received a personal benefit as a result of the transfer of funds from the Plaintiffs.  This benefit was received by Goldstein either:

(a) in the form of the use of the funds, or

(b) because Goldstein at all material times was a controlling member of Star Capital with authority to disburse the monies retained in Star Capital's bank account as he saw fit, including to himself, and because at all material times Goldstein had an

ownership interest in Star Capital, through Star Capital Management, LLC, which interest became more valuable as a result of the transfer.

29.     Goldstein knowingly and voluntarily accepted and retained the benefit conferred upon him by the Plaintiffs.

30.     Star Capital also received a benefit as a result of the transfer from Paladin, in the form of the use of the funds deposited into its account or the availability for use thereof.

31.     This benefit accrued to Star Capital regardless of how the monies were ultimately disbursed, or how long they were retained in Star Capital's bank account before being disbursed.

32.     Star Capital knowingly and voluntarily accepted and retained the benefit conferred upon it by the Plaintiffs.

33.     The Defendants have not paid the Plaintiffs the reasonable value of the benefit conferred upon the Defendants by the Plaintiffs.

34.     The Defendants have no legal or equitable ground for retaining the money had and received from the Plaintiffs.

35.     Under the circumstances, it would be inequitable for the Defendants to retain the benefit conferred upon them by the Plaintiffs without paying the reasonable value therefor.

WHEREFORE, the Plaintiffs pray the Court for a judgment on their behalf and against the Defendants for equitable relief within the jurisdictional amount, plus interest and court costs, and any other relief the Court deems equitable, just, and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served through the Electronic Case Filing System upon counsel for Defendants, MICHAEL I. BERNSTEIN,

ESQ., 1688 Meridian Avenue, Suite #418, Miami Beach, Florida 33139, this 29th day of October, 2010.

          *Respectfully submitted,*

          **JORGE M. ABRIL, P.A.**
          *Attorneys for Plaintiff*
          Colonnade Plaza, Suite #230
          1201 Brickell Avenue
          Miami, Florida 33131-3207
          Telephone: 305.373.0901
          Facsimile: 305.373.0119

          By:   /s/ Craig R. Lewis, Esq.
             JORGE M. ABRIL, ESQ.
             FBN: 762679
             jmabril@abrilaw.com
             CRAIG R. LEWIS, ESQ.
             FBN: 41358
             crlewis@abrilaw.com