UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21612-CIV-ALTONAGA/Simonton

**PALADIN SHIPPING Co. Ltd.,** *et al.*,

    Plaintiffs,
vs.

**STAR CAPITAL FUND, LLC.,** *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Reconsideration and to Amend or Alter Judgment ("Motion") [ECF No. 123], filed on August 19, 2011. In the Motion, Plaintiffs ask the Court to alter the Order Setting Forth Findings of Fact and Conclusions of Law ("Aug. 2 Order") [ECF No. 120] and Final Judgment [ECF No. 121]. However, on September 1, 2011, Plaintiffs filed a Notice of Appeal ("Notice") [ECF No. 127], which indicates Plaintiffs are appealing those Orders. (*See* Notice 1).

"The Supreme Court has explained that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

> "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see Dayton Indep. Sch. Dist. v. U.S.. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.") (citations and internal quotations omitted).

Case No. 10-21612-Civ-Altonaga

*Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). "The district court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n*, 895 F.2d 711, 713 (11th Cir. 1990).

None of the above exceptions is applicable to this situation, as the Motion does not seek to merely correct a clerical error or to aid in the execution of a judgment. Instead, the Motion asks the Court to alter the Aug. 2 Order and the corresponding Final Judgment. With the appeal, Plaintiffs are asking the Court of Appeals for the Eleventh Circuit to address the correctness of those Orders. By requesting the Court alter the judgment, Plaintiffs request this Court improperly assert control over an aspect of the case involved in the appeal. The Court has been divested of jurisdiction to consider the Motion. Accordingly, it is

**ORDERED AND ADJUDGED** that Motion **[ECF No. 123]** is **DENIED** for lack of jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of September, 2011.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record