UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually

    Plaintiff,
vs.

STAR CAPTIAL FUND, LLC, a Florida
Limited Liability Company and
LEON GOLDSTEIN, individually

    Defendants.
_____/

**PLAINTIFFS/JUDGMENT CREDITORS' MOTION TO COMPEL DISCOVERY FOR DEFENDANT'S FAILURE TO RESPOND TO DISCOVERY REQUESTS IN AID OF EXECUTION OF JUDGMENT AND FOR SANCTONS AND MEMORANDUM OF LAW**

Plaintiffs/Judgment Creditors, Paladin Shipping Co. Ltd. and Anatoliy Chaban, by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules, hereby move for an order compelling responses to discovery requests in aid of execution propounded on Leon Goldstein ("Goldstein" or "Defendant") and states:

1. This Court entered final judgment in favor of Plaintiffs and against Goldstein on August 9, 2011. [1]

---

[1] The case is on appeal, but the judgment debtor has not obtained a stay or posted a Supersedeas Bond.

2. On or about October 31, 2011, Plaintiffs served Goldstein with their First Requests to Produce in Aid of Execution and First Set of Interrogatories in Aid of Execution. Goldstein failed to respond on November 29, 2011 when such responses were due or any time thereafter. A copy of Plaintiffs First Requests to Produce in Aid of Execution and First Set of Interrogatories in Aid of Execution are attached hereto as composite Exhibit "A."

3. Goldstein never filed a motion to extend the time to respond to Plaintiff's discovery requests or informally sought an extension. Pursuant to Rule 33(b)(4) of the Federal Rules of Civil Procedure, Goldstein's failure to timely object to Plaintiffs' interrogatories, and production requests, means Defendant waived any objection to such Plaintiff's discovery.

4. Goldstein's failure to respond to Plaintiffs' discovery requests warrants sanctions including Plaintiffs' attorneys fees spent in time drafting and arguing this Motion. *See Steed v. Everhome Mortgage Co., No. 08-13476,* 2009 WL 139507 (11th Cir. 2009)

5. Plaintiffs' have good cause for their brief delay in moving to compel Goldstein's responses until this time.

    a. Goldstein's lawyer moved for and was given permission to withdraw as counsel in the case. The Court granted Goldstein's former attorney permission to withdraw as counsel on December 1, 2011. Since that time, Goldstein has not been represented by a lawyer.

    b. Plaintiff believed Goldstein would retain new counsel, and thereafter file discovery responses. Goldstein in fact did retain such counsel in the appeal, yet as of the date of filing of this motion, Goldstein failure to respond in any

PHILLIPS, CANTOR & SHALEK, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-N, HOLLYWOOD, FLORIDA 33021

way to the undersigned counsel's discovery made this motion necessary. Appellate counsel refused to appear in this case, and despite requests, has not helped Plaintiffs to obtain discovery responses.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling an answer, designation, production or inspection when a party fails to respond to answer an interrogatory submitted under Rule 33, or a party fails to respond that inspection will be permitted as requested under Rule 34. An Order compelling production and answers is necessary in the instant case as Goldstein has completely failed to respond to Plaintiffs' discovery requests in aid of execution.

Motions to compel discovery under Rule 37 (a) are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope,* 730 F.2d 729, 731 (11th Cir.1984). "A court may impose sanctions where a party fails to provide answers, objections, or a written response to interrogatories. Fed.R.Civ.P. 37(d)(1)(A)(ii). Sanctions may include: (1) the payment of reasonable expenses caused by the failure; (2) designating facts as established as the prevailing party claims; (3) prohibiting the disobedient party from opposing designated claims or introducing designated matters into evidence; (4) striking the pleadings in whole or in part; (5) staying the proceeding until the order is obeyed; (6) dismissing the action or proceeding in whole or in part; and (7) rendering a default judgment against the disobedient party. Fed.R.Civ.P.

3

PHILLIPS, CANTOR & SHALEK, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-N, HOLLYWOOD, FLORIDA 33021

37(d)(3)." *See Steed v. Everhome Mortgage Co., No. 08-13476,* 2009 WL 139507 (11th Cir. Jan 2009)

In this case, sanctions of the Defendants' reasonable attorney's fees are warranted. If the District Court grants a motion to compel where a party provides evidence that, before filing the instant motion, he attempted in good faith to obtain the tardy discovery from the opposing side, and when the non responsive party does not provided any evidence that its failure to provide the requested discovery in a timely fashion was substantially justified, or that any other circumstances make an award of fees unjust, an award of fees is justified. *See Odom v. Navarro* 2010 WL 547652 (S.D. Fla., 2010) (Holding that party who completely failed to respond to discovery until almost two months after it was due, and did not file any motion to extend time to respond was ordered to pay Plaintiff the reasonable attorney's fee in filing the motion to compel.)

WHEREFORE, Plaintiffs respectfully request that this Court enter an order compelling Defendant Goldstein's discovery responses to Plaintiffs' Request for Production and Interrogatories in aid of execution, deeming Goldstein's objections waived, awarding Plaintiffs sanctions against Goldstein in the form of their attorneys' fees associated with bringing forth this motion, and for any such further relief this Court deems just and proper.

## Certification

Movant has made a good faith effort to attempt to confer with the party failing to act in an effort to obtain responses without court action.

4

Respectfully submitted,

PHILLIPS, CANTOR, & SHALEK, P.A.
Attorneys for Defendants
4000 Hollywood Boulevard
Presidential Circle - Suite 500North
Hollywood, Florida  33021
Telephone:     (954) 966-1820
Facsimile:      (954) 414-9309

By:     s/  Jeffrey B. Shalek
              Jeffrey B. Shalek, Esquire
              Florida Bar No. 996221

### Certificate of Service

    I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing was served via transmission of Electronic Filing generated by CM/ECF or U.S. Mail to Leon Goldstein, 17555 Collins Avenue, Apt-3702, Sunny Isles, Florida 33160 this **2nd  day of March, 2012**.

By:     s/  Jeffrey B. Shalek
              Jeffrey B. Shalek, Esquire

5

PHILLIPS, CANTOR & SHALEK, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-N, HOLLYWOOD, FLORIDA 33021