UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually

    Plaintiff,
vs.

STAR CAPTIAL FUND, LLC, a Florida
Limited Liability Company and
LEON GOLDSTEIN, individually

    Defendants.
_____/

## MOTION FOR RECONSIDERATION

Plaintiffs Paladin Shipping Co. Ltd. ("Paladin") and Anatoliy Chaban ("Chaban") (together Paladin and Chaban are the "Plaintiffs/Judgment Creditors"), pursuant to Fed. R. Civ. P. 60(e), by and through undersigned counsel, hereby move this Court to reconsider its March 5, 2012 Order ("Order") denying Plaintiffs/Judgment Creditors' Motion to Compel Discovery in Aid of Execution and in support thereof states:

A.  Basis for the Motion

This Court entered a judgment in favor of Plaintiffs/Judgment Creditors on August 8, 2011 (the "Judgment").  After obtaining the Judgment, the Plaintiffs/Judgment Creditors appealed the Judgment, seeking to increase the amount of judgment.  Judgment Debtor, Leon Goldstein ("Goldstein") has not sought a stay, and has not posted a supersedeas bond as set forth in Fed. R. Civ. P. 62(d).

On October 30, 2011, Plaintiffs/Judgment Creditors served Goldstein with Requests for Production and Interrogatories in Aid of Execution (the "Discovery in Aid of Execution"). When Goldstein failed to respond to the Discovery in Aid of Execution, Plaintiffs/Judgment Creditors moved to compel. [DE-150].

On March 5, 2012, this Court entered its Order denying Plaintiff/Judgment Creditors' Motion to Compel, reasoning that such Discovery in Aid of Execution was "premature given the pendency of the appeal in this matter before the Eleventh Circuit." *See* the March 5, 2012 Order [DE-151]. Plaintiff/Judgment Creditors respectfully submits that the Court's March 5, 2012 Order should be reconsidered and an Order compelling Goldstein to respond to the Discovery be entered since the March 5, 2012 Order is not in accord with Eleventh Circuit precedent.

B.  Memorandum of Law

Since this matter has not been stayed, and since Goldstein has not posted a supersedeas bond as set forth in Fed. R. Civ. P. 62(d), Plaintiff/Judgment Creditors' Discovery in Aid of Execution is not premature pending the outcome of Goldstein's appeal. When a judgment is entered, absent a stay and the posting of a supersedeas bond, a plaintiff may treat a judgment as final and execute upon it pending appeal. *See Hovey v. McDonald,* 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883); *American Grain Association v. Lee-Vac, Ltd.,* 630 F.2d 245, 247 (5th Cir.1980).

The Eleventh Circuit has elaborated this rule by holding, "If a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal." *See National Service Industries, Inc. v. Vafla Corp., 694 F.2d 246, 250* (11th Cir.1982). *U.S. v. Varnado,* 2011 WL 2600699, *2 (S.D. Fla.) (restating that a party can

conduct discovery in aid of execution despite pending appeal, absent stay or posting of supersedeas bond.)

Here, just as in *National Service Industries, Inc.,* since the judgment debtor from which discovery in aid of execution is sought failed to obtain a stay or post the required bond, there is no basis to preclude discovery in aid of execution. Plaintiffs/Judgment Creditors' appeal, alone, does not make the discovery premature. As the March 5, 2012 Order deviated from established precedent, this Court should reconsider and reverse its ruling.

Similarly, the District Court retains jurisdiction to enter orders to enforce discovery, as long as such order does not divest the appellate court of jurisdiction. *See N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir.1987), (holding, "[T]he District Court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded.... Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment."

C. Conclusion

Since the March 5, 2012 Order which denied Plaintiff/Judgment Creditors Motion to Compel Discovery in Aid of Execution deviated from established precedent, Plaintiff/Judgment Creditors respectfully requests this Court to reconsider and reverse its March 5, 2012 Order, and enter an Order compelling Goldstein's response to their Discovery in Aid of Execution.

WHEREFORE Plaintiff/Judgment Creditors Paladin Shipping Co. Ltd. and Anatoliy Chaban respectfully request this Court reconsider and reverse its March 5, 2012 Order, and enter an Order compelling Defendant Goldstein to respond to Plaintiffs' Request for Production and Interrogatories in Aid of Execution, deeming Goldstein's objections waived, awarding

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

Plaintiff/Judgment Creditors sanctions against Goldstein in the form of their attorneys' fees associated with bringing forth this motion, and for any such further relief this Court deems just and proper.

        PHILLIPS, CANTOR, & SHALEK, P.A.
        Attorneys for Defendants
        4000 Hollywood Boulevard
        Presidential Circle - Suite 500North
        Hollywood, Florida  33021
        Telephone:    (954) 966-1820
        Facsimile:      (954) 414-9309

        By:    s/ Jeffrey B. Shalek
            Jeffrey B. Shalek, Esquire
            Florida Bar No. 996221

### Certificate of Service

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing was served via transmission of Electronic Filing generated by CM/ECF or U.S. Mail to Leon Goldstein, 17555 Collins Avenue, Apt-3702, Sunny Isles, Florida 33160 this **8th  day of March, 2012**.

        By:    s/ Jeffrey B. Shalek
            Jeffrey B. Shalek, Esquire