UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually

      Plaintiff/Judgment Creditor
vs.

STAR CAPTIAL FUND, LLC, a Florida Corporation,
Leon Goldstein, individually,

      Defendants/Judgment Debtor
_____/

75 RETAIL ENTERPRISES, INC.,
a Florida Corporation,
40 RETAIL CORPORATION,
a Florida Corporation,
CENTURY DRIVE RETAIL CORPORATION,
a Florida Corporation,
STERLINGTON RETAIL CORPORATION,
a Florida Corporation,
TEXARKANA RETAIL CORPORATION,
a Florida Corporation,
PINNACLE THREE CORPORATION, (Fl.)
a Florida Corporation,
PINNACLE THREE CORPORATION, (Ill.)
An inactive Illinois Corporation,

      Supplemental Parties
_____/

**JUDGMENT CREDITORS' RENEWED MOTION FOR WRIT OF EXECUTION;
FOR ENTRY OF AN ORDER TO ISSUE OR REISSUE STOCK CERTIFICATES; AND
TO ENJOIN JUDGMENT DEBTOR AND JUDGMENT DEBTOR'S COMPANIES
<u>FROM TRANSFERRING STOCK CERTIFICATES</u>**

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

Come now Plaintiffs/Judgment Creditors Paladin Shipping Co. Ltd. and Anatoliy Chaban ("Paladin" and "Chaban" shall be referred to collectively as "Judgment Creditors"), by and through undersigned counsel, renews its motion requesting this Honorable Court to:

1) Execute the Writ of Execution and instruct the Clerk of the Court to enter a Writ of Execution to allow U.S. Marshals to seize Judgment Debtor Leon Goldstein ("Goldstein" or "Judgment Debtor") stock certificates in:

   a. 75 Retail Enterprises, Inc. ("75 Retail"),
   b. 40 Retail Corporation ("40 Retail"),
   c. Century Drive Retail Corporation (Century Drive"),
   d. Sterlington Retail Corporation ("Sterlington"),
   e. Texarkana Retail Corporation ("Texarkana"),
   f. Pinnacle Three Corporation, (Illinois)  ("Pinnacle Ill."), and
   g. Pinnacle Three Corporation, (Florida) ("Pinnacle Fla."),

(together 75 Retail, 40 Retail, Century Drive, Sterlington, Texarkana, Pinnacle Ill. and Pinnacle Fla. are referred to as the "Goldstein Companies"),

2) Enter an Order directing the Goldstein Companies that have not issued stock certificates to (a) issue stock certificates to Goldstein, and (b) deliver those certificates to Chaban's counsel at the address below so those newly issued certificates can be delivered to the U.S. Marshal for Florida's Southern District for further disposition including sale for the benefit of Chaban;

3) Enter an order requiring Goldstein to turn over any issued stock certificates in his possession, custody or control in the Goldstein Companies to Chaban's counsel at the address below so that the those certificates can be turned over to the U.S. Marshal for Florida's Southern District for further disposition including sale for the benefit of Chaban;

4) Enjoin Goldstein and the Goldstein Companies from issuing, reissuing, transferring, encumbering, selling or assigning Goldstein's shares to anyone other than Chaban; and

5) Enjoin the Goldstein Companies from paying any dividends, distributions, debts or other remuneration to Goldstein or Pinnacle Fla. until the Judgment is satisfied and requiring all such amounts owed to Goldstein or Pinnacle Fla. be paid over to Judgment Creditors.

As ground and in support thereof, Judgment Creditors state as follows:

Procedural History

1. On January 24, 2013 this Court entered an Amended Supplemental Final Judgment (the "Amended Supplemental Final Judgment") for Plaintiffs in the amount of $1,055,572.72, [DE 202].

2. Upon receipt of the Amended Supplemental Final Judgment for Plaintiffs, Plaintiffs filed a Judgment Lien Certificate with the Florida Secretary of State on February 6, 2013, which reflects Paladin and Chaban as the Judgment Creditors and Goldstein as the Judgment Debtor according to Florida Statute §55.201 through §55.209.

3. By filing the Judgment Lien Certificate with the Florida Secretary of State, Judgment Creditors acquired and hold a state wide lien on all of Goldstein's personal property that is subject to execution in the State of Florida. *See* Fla. Stat. §55.202. Stock of the Goldstein Companies is among the items covered in such lien. *See* Fla. Stat. §56.061.

4. On February 22, 2013, Plaintiffs filed a Motion for Writ of Execution [D.E. 207]. That same date, this Honorable Court entered an Order denying the Motion because the Defendant had filed a Motion for New Trial [D.E. 205] which had not yet been ruled upon.

5. On March 12, 2013 this Court entered its Order *denying* Defendant's Motion for New Trial [D.E. 214].

3

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

6.    Pursuant to Federal Rule 62(a), the Amended Supplemental Final Judgment [D.E. 202] was automatically stayed for a period of 14 days. The automatic stay expired February 7, 2013.

7.    Pursuant to Local Rule 62.1, had Defendant filed his Motion for New Trial within 14 days of entry of judgment, the automatic stay would have been extended through February 25, 2013. Defendant did not file within that time frame, and in any event, February 25th has come and gone[1].

8.    Now that the Court has disposed of Defendant's Motion for New Trial, Plaintiff hereby renews its Motion for Writ of Execution[2].

State Court Case

9.    On February 24, 2012, Goldstein executed a sworn affidavit, (the "Affidavit") in the case styled *Rodion Sokrovichtchouk et al. v. EVS Investment Inc. et. Al.*, currently pending in Miami Dade County Circuit Court Case Number 10-58483 CA 40 (the "State Court Case"). A copy of Goldstein's Affidavit is attached hereto as Exhibit "A" and Chaban requests that the Court take judicial notice of the Affidavit pursuant to Fed. R. Evid. 201, and Fla. Stat. §90.202(6). According to the State Court Case Complaint, 75 Retail, 40 Retail, Century Drive, Sterlington and Texarkana are all adult bookstores with revenues and assets. Pinnacle Fla. holds a promissory note for the startup capital for the book stores.

---

[1] The thirty (30) day extended stay period of L.R. 62.1 runs from the date of the original judgment, not the order denying the motion for new trial. *Carolina Acquistion, Inc. v. Barboni*, 2010 WL 2541864, *2 (S.D. Fla. 2010).

[2] Upon denial of the Motion for New Trial, Defendant's deadline to file a Notice of Appeal is 30 days from entry of order denying same. This new appeal deadline has no effect on Plaintiff's ability to execute on the judgment. Pursuant to the plain language of Federal Rule 62 and Local Rule 62.1, Defendant would have had to file his Notice of Appeal within 14 days of judgment in order to extend the "free" automatic stay period through February 25th, which he did not. If he wants a stay now, he **must** post a supercedeas bond.

4

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

10. In Paragraph 3 of Goldstein's Affidavit, he attests that he is the President and sole owner of Pinnacle Fla.  The public records of Florida indicate that he is the President and sole owner of Pinnacle Ill., an administratively dissolved corporation.

11. In Paragraph 4 of Goldstein's Affidavit, he attests that he owns thirty three and one third percent (33.3%) of 75 Retail, 40 Retail, Century Drive, Sterlington, and Texarkana since each company's inception.

12. Upon information and belief, 75 Retail has issued stock certificates to Goldstein, but none of the other Goldstein Companies ever issued certificates reflecting Goldstein's 33.3% ownership interest.[3]  In an abundance of caution, however, the court should enter relief as if all the Goldstein Companies have both issued or not issued stock.

<u>Goldstein's History of Improper Conduct
to Avoid Disclosing the Location of Assets</u>

13. Goldstein's prior conduct in this matter gives rise to a strong presumption that Goldstein will secrete, transfer his interest in the Goldstein Companies or will withhold information regarding the existence and location of any certificates upon which execution of the Amended Supplemental Final Judgment may issue.

14. This Court previously entered a judgment in this matter on August 9, 2011, (the "First Judgment") [D.E. 122] in the amount of $143,045.67.  Goldstein refused to respond to any post-judgment discovery in aid of execution and on March 20, 2012, the Court entered an order compelling answers to the discovery and sanctioning Goldstein. [D.E. 155] Thereafter, when Goldstein failed to abide by the Order Compelling Discovery, the Court issued a Contempt Order

---

[3] Judgment Creditors have served discovery in aid of execution relating to whether share certificates of the Goldstein Companies have been issued, but as of the time of filing, Goldstein is yet to respond to same.

5

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

and a Writ of Bodily Attachment [D.E. 172].  Goldstein still refused to provide any asset information.  Instead, Goldstein opted to satisfy the First Judgment in order to have the Writ of Bodily Attachment dissolved.

15. Based upon Goldstein's prior conduct in acting in contempt of court and improperly avoiding any disclosure of his assets, and the totality of the circumstances now present, Judgment Creditors have grounds to believe Goldstein intends to conceal, improperly assign or transfer Goldstein's stock certificates in the Goldstein Companies in an effort to frustrate and prevent Judgment Creditors from locating same and seizing the stock certificates in aid of execution and satisfaction of Judgment Creditors Amended Supplemental Final Judgment.  As such, this Court has the authority, and basis to grant Judgment Creditors their relief requested herein.

<u>Remedies Pursuant to the Uniform Commercial Code and Florida Law</u>

16. Judgment Creditors are entitled to injunctive relief and other court action in assisting in their efforts to execute upon the Supplemental Final Judgment through execution on both Goldstein's certificated and uncertificated stock in the Goldstein Companies. *See* Fla. Stat. §678.1121(5); (U.C.C. §8-112(e)) which sets forth that:

> A creditor whose debtor is the owner of a certificated security, uncertificated security, or security entitlement is entitled to aid from a court of competent jurisdiction, by **injunction or otherwise**, in reaching the certificated security, uncertificated security or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process. (Emphasis added).

*See, House v. Williams,* 573 So.2d 1012 (Fla. 5th DCA, 1991)(holding a judge is authorized to order a closely held corporation controlled by the judgment debtor to reissue stock certificates in name of judgment debtor and deliver them to the Sherriff).

6

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

Relief for the Certificated Stock

17. This Court may order the Clerk of Court to issue a Writ of Execution for the issued stock certificates and to issue a mandatory injunction requiring Goldstein to turn over that stock.  Fla. Stat. §678.1121(1) entitles Chaban to execute upon Goldstein's stock in all of the Goldstein Companies, when the stock is certificated, i.e when actual shares are issued.  The statute makes clear that this must be done only by actual seizure of the security certificate by the officer making the attachment or levy.

18. Of course, the problem lies in locating the actual certificate as it is extraordinarily easy to hide a single piece of paper from a judgment creditor.  The powers of the Court are necessary to compel the turnover of the asset. The U.C.C. makes it clear that the Court has such power. The Official Comments to U.C.C. 8-122 state that "[i]n dealing with certificated securities the instrument itself is the vital thing, and therefore a valid levy cannot be made unless all possibility of the certificate's wrongfully finding its way into a transferee's hands has been removed."  Though the commentary further acknowledges, "A debtor who has been enjoined can still transfer the security in contempt of court. Therefore, although injunctive relief is provided in subsection (e) so that creditors may use this method to gain control of the certificated security, the security certificate itself must be reached to constitute a proper levy whenever the debtor has possession."

19. As such, in accordance with the above, Judgment Creditors seek a Writ of Execution, upon which the U.S. Marshal Services can execute a proper levy upon Goldstein's shares in each of the Goldstein Companies.  Judgment Creditors further request this Court enter a mandatory injunction requiring Goldstein to turn over all issued stock in his possession, custody or control in the Goldstein Companies, and enjoin Goldstein and/or the authorized agents of the

7

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

Goldstein Companies from transferring, pledging, redeeming, assigning or otherwise disposing of Goldstein's certificated securities to any party besides Chaban.

Relief for the Uncertificated Stock

20. Additionally, the Court should order the issuance of certificates in the Goldstein Companies where no certificates had previously been issued. As admitted in his own affidavit, Goldstein maintains a 33 1/3% ownership interest in 70 Retail, 40 Retail, Century Drive Retail, Sterlington Retail, Texarkana Retail; and a 100% interest in Pinnacle Fla. and Pinnacle Ill.

21. Judgment Creditors, therefore, respectfully petition this Honorable Court for relief pursuant to Fla. Stat. §678.1121(2) &(5) to require the Goldstein Companies which have not issued stock to issue stock certificates reflecting Goldstein's interest. Fla. Stat. § 678.1121(2) states:

> The interest of a debtor in an uncertificated security may be reached by a creditor only by legal process upon the issuer at its chief executive office in the United States, except as otherwise provided in subsection (4).

According to the records of the Florida Secretary of State the principal place of business (chief executive office in this case) of each of the Goldstein Companies is in Florida.

22. For the reasons set forth herein, Judgment Creditors seek an injunction and mandatory injunction, pursuant to Fla. Stat. §678.1121(5), providing the following relief:

  a. to enjoin the Uncertificated Goldstein Companies from issuing such certificates reflecting Goldstein's interest or anyone besides Goldstein's interest in same;

  b. to enjoin Goldstein from transferring, pledging, assigning or otherwise disposing of his interest in the Goldstein Companies;

  c. to require the Goldstein Companies issuing new stock to Goldstein to deliver the stock certificates to Chaban's undersigned counsel so that the stock may be

8

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

delivered to the U.S. Marshal for Florida's Southern District for further disposition including for sale for the benefit of Chaban; and

d. Enjoin the Goldstein Companies from paying any dividends, distributions, debts or other remuneration to Goldstein or Pinnacle Fla. until the Judgment is satisfied and requiring all such amounts owed to Goldstein or Pinnacle Fla. be paid over to Judgment Creditors.

23. Judgment Creditors risk immediate and irreparable injury, loss, or damage if Goldstein transfers, pledges, assigns or sells his rights in the Goldstein Companies to a good faith purchaser for value before the Goldstein Companies issue certificates and deliver them to the U.S. Marshal.

24. Judgment Creditors risk immediate and irreparable injury, loss, or damage if the Goldstein Companies issue shares reflecting Goldstein's interest to any third party.

WHEREFORE, Judgment Creditors, Paladin Shipping Co. Ltd and Anatoliy Chaban respectfully move this Honorable Court to enter an Order:

1) Issuing a Writ of Attachment for Goldstein's stock certificates of the Goldstein Companies;

2) Requiring the Goldstein Companies that have not issued stock certificates to (a) issue stock certificates reflecting Goldstein's interests, (b) deliver the stock certificates to Chaban's undersigned counsel so that the stock may be delivered to the U.S. Marshal for Florida's Southern District for further disposition including for sale for the benefit of Chaban;

3) Enjoining Goldstein from transferring, pledging, assigning or otherwise disposing of his certificated or uncertificated securities and interest in the Goldstein Companies;

4) Requiring Goldstein to turn over any issued stock certificates in his possession, custody or control in the Goldstein Companies to Chaban's counsel at the address below so that the those certificates can be turned over to the U.S. Marshal for Florida's Southern District for further disposition including for sale for the benefit of Chaban;

5) Enjoining the Goldstein Companies from paying any dividends, distributions, debts or other remuneration to Goldstein or Pinnacle Fla. until the Judgment is satisfied and requiring all such amounts owed to Goldstein or Pinnacle Fla. be paid over to Judgment Creditors; and

6) for all such other and further relief as this Court deems just and proper.

### Rule 7.1(a)(3) Compliance

I HEREBY CERTIFY that I conferred with opposing counsel, and counsel does not agree to the relief sought.

**PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.**
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Presidential Circle - Suite 500North
Hollywood, Florida  33021
Telephone:     (954) 966-1820
Facsimile:      (954) 414-9309

By:     s/  Gary S. Phillips

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

        Gary S. Phillips, Esquire
        Fla. Bar No. 339814
        gphillips@phillipslawyers.com
        Jeffrey B. Shalek, Esquire
        Fla. Bar No. 996221
        jshalek@phillipslawyers.com

**Certificate of Service**

     I HEREBY CERTIFY that on March 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day on: Francis X Sexton, Jr., Esq., FOWLER RODRIGUEZ VALDES-FAULI, Suite 801, 355 Alhambra Circle, Coral Gables, Florida 33134 and W. Barry Blum, Esq., Brett Halsey, Esq., and Michael D. Joblove, Esq., Genovese Joblove & Battista, P.A., Miami Tower, Suite 4400, Miami, FL  33131either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Filing.

        By:    s/  Gary S. Phillips
             Gary S. Phillips, Esquire

11

Phillips, Cantor, Shalek & Rubin, P.A.; Tel: (954) 966-1820 Fax: (954) 414-9309
Presidential Circle, 4000 Hollywood Boulevard, Suite 500-North, Hollywood, Florida 33021