IN THE UNTED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-21612-CIV-ALTONAGA

**PALADIN SHIPPING COMPANY, LTD.**, *et al.*,

    Plaintiffs/Judgment Creditors,
vs.

**LEON GOLDSTEIN**,

    Defendant/Judgment Debtor.
_____/

**75 RETAIL ENTERPRISES, INC.**, *et al*,

    Supplemental Parties.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs/Judgment Creditors' (the "Judgment Creditors[']") Motion for Writ of Execution . . . (the "Motion for Writ") [ECF No. 215], filed March 15, 2013, which was granted on April 3, 2013 (*see* April 3 Order [ECF No. 224]). Defendant, Leon Goldstein ("Defendant") holds and owns 33% of 75 Retail Enterprises, Inc. ("75 Retail"), 40 Retail Corporation ("40 Retail"), Century Drive Retail Corporation ("Century Drive"), Sterlington Retail Corporation ("Sterlington"), Texarkana Retail Corporation ("Texarkana"); and 100% of Pinnacle Three Corporation, (Illinois) ("Pinnacle Ill."), and Pinnacle Three Corporation, (Florida) ("Pinnacle Fla."). It is uncertain whether shares in these business entities have been issued to Defendant. Being fully informed, it is

    **ORDERED AND ADJUDGED** as follows:

CASE NO. 10-21612-CIV-ALTONAGA

1. The Clerk of the Court is directed to issue a Writ of Execution presented by Judgment Creditors' Counsel.

2. To the extent 75 Retail, 40 Retail, Century Drive, Sterlington, Texarkana, Pinnacle Fla. and Pinnacle Ill. have not issued stock certificates to Defendant, upon service of this Order those companies shall, within 5 days, issue and deliver those certificates to Judgment Creditors' counsel, Phillips, Cantor, Shalek & Rubin, P.A., 4000 Hollywood Boulevard, Suite 500-N, Hollywood, Florida 33021, so those newly issued certificates can be delivered to the U.S. Marshal for further disposition including sale for the benefit of Judgment Creditors;

3. Within 3 days of the date of this Order, Defendant, or the individual entities holding issued shares, shall turn over any issued stock certificates in 75 Retail, 40 Retail, Century Drive, Sterlington, Texarkana Pinnacle Fla. and Pinnacle Ill. that are in his or its possession, custody or control to Judgment Creditors' counsel at the address in paragraph 2 above, so that the those certificates can be turned over to the U.S. Marshal for further disposition including sale for the benefit of Judgment Creditors;

4. Defendant and 75 Retail, 40 Retail, Century Drive, Sterlington, Texarkana Pinnacle Fla. and Pinnacle Ill. are hereby enjoined from issuing, reissuing, transferring, encumbering, selling, assigning or otherwise disposing of Defendant's shares to anyone other than as permitted by this Order; and

5. 75 Retail, 40 Retail, Century Drive, Sterlington, Texarkana Pinnacle Fla. and Pinnacle Ill. are hereby enjoined and prohibited from paying any dividends, distributions, debts, settlements or other remuneration to Defendant or Pinnacle Fla.; and all such amounts owed to Defendant or Pinnacle Fla. be paid over to Judgment Creditors until the Judgment entered in this case for $1,055,572.72 is satisfied.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of April, 2013.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record