**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually

       Plaintiff/Judgment Creditors

v.

STAR CAPTIAL FUND, LLC, a Florida
Corporation, Leon Goldstein, individually,

       Defendants/Judgment Debtor
_____/

**JUDGMENT CREDITORS' MOTION TO COMPEL HAFT, STEINLAUF & CO.**
**TO COMPLY WITH SUBPOENA**

Plaintiffs/Judgment Creditors, Paladin Shipping Co. Ltd. and Anatoliy Chaban ("Judgment Creditors"), by and through undersigned counsel and pursuant to the Federal Rule of Civil Procedure 45(c)(2)(B)(i) hereby moves for an order compelling the Records Custodian of Haft, Steinlauf & Co. ("Haft") to comply with Judgment Creditors' Subpoena Duces Tecum (the "Subpoena") in aid of execution, and states:

1.     This motion concerns Judgment Creditors' attempt to obtain through subpoena documents that Judgment Debtor Goldstein claimed he could not produce because they were in the exclusive hands of a third party.  Now, Goldstein (improperly) asserts the accountant-client privilege to prevent that third party from producing the same documents in response to the Subpoena.

2.     In February, 2013, Judgment Creditors served Goldstein with discovery in aid of execution, seeking material concerning Goldstein's net worth.  Goldstein refused to respond, and

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

Judgment Creditors obtained an order compelling a response. Goldstein then responded saying, for nearly every request, that no responsive documents existed in his possession, custody, or control. (*See* Responses to Request for Production, Exhibit "A").

3. The documents produced by Goldstein included his 2008-2010 tax returns identifying his accountants as Haft. It is evident that, in order to prepare the returns (unless they are pure fiction), Haft must have been in possession of other documents sought by Judgment Creditors' request to Goldstein. Goldstein has never explained how documents that Goldstein gave to Haft in order to perform work for Goldstein would be outside Goldstein's "control." In all events, to move matters forward, Judgment Creditors served the subpoena on Haft on May 8, 2013. The Subpoena seeks materials used by Haft to prepare the returns, which should include much of the material Judgment Creditors sought from Goldstein, which Goldstein claimed he lacked. (See Exhibit "B")

4. On May 20, 2013, Haft forwarded an email to undersigned counsel, a copy of which is attached hereto as Exhibit "C." Haft's e-mail said that Goldstein had given Haft permission to provide Forms K1 for certain entities. Otherwise, Haft handwrote in response to each Request in the Subpoena "pending legal advice on Florida accountant privilege laws."

5. On June 19, Haft sent another e-mail, attached as Exhibit "D," saying that Goldstein had directed Haft to assert the "CPA-client privilege" and refuse to respond to the Subpoena: "As Mr. Goldstein has required me to take that position," Haft said, "my hands are tied."[1]

---

[1] On June 25, 2013, Goldstein transmitted a document purporting to be objections to the Subpoena. (See Exhibit "E"). This was procedurally improper. First, while Federal Rule of Civil Procedure 45(c)(3) allows a party to file a motion to quash a subpoena, Rule 45(c)(2)(B) is clear that only the party served with a subpoena may file objections to it. Goldstein did not file a motion to quash, and his purported "objections" are a nullity. Moreover, The privilege

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

6.      Before addressing the substance of Haft's single objection to the Subpoena, it is important to explain why Judgment Creditors need the documents sought:   Goldstein in being less than honest about his income.   For instance, in his response to Judgment Creditors' Interrogatories in Aid of Execution, Goldstein listed his  gross income for 2008 as $221,058, 2009 as $98,784 and 2010 as (-$34,973) (See Exhibit "F").   However, when Goldstein leased his brand new 2013 Mercedes S550 in February, on his credit application, Goldstein reported income from Pinnacle Three Corporation in the amount of $450,000 annually (See Exhibit "G".)

7.      This is only an example; it is absolutely clear that Goldstein has not been honest with Judgment Creditors about his financial condition.  To move this matter forward and execute on the judgment, Judgment Creditors need to know the truth.

## MEMORANDUM OF LAW

The standard on a motion pursuant to Rule 45(c)(2)(B)(i) is well-established:

> A subpoena may be quashed if it calls for "clearly irrelevant" matter, *Herron v. Blackford*, 264 F.2d 723, 725 (5th Cir.1959), but the court need not determine the admissibility of documents prior to trial or quash a subpoena demanding their production if there is any ground on which they might be relevant. 9A Wright & Miller, Federal Practice & Procedure: Civil 3d § 2459 (2008). Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). *See also Wagner v. Viacost.com*, 2007 WL 1879914, at *1-2 (S.D.Fla. June 29, 2007) (applying relevance standard of Rule 26(b) to subpoena duces tecum seeking employment records from the plaintiff's current employer in deciding such records were not relevant in a FLSA case).

---

objections are insufficient because, pursuant to Rule 45 (d)(2), neither Haft nor Goldstein properly asserted a privilege by "describing the nature of the withheld documents communications without revealing the information itself, privilege or protected, or enable the parties to accessed the claim."   Rather, there is an inappropriate general and generic claim of privilege that must be overruled.  The mere fact that an accountant is in possession of document, does not make the document privilege.  Failure to properly comply with Rule 45(d)(2) makes it impossible to determine what documents are being withheld and, if in fact they are privileged.

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

*Bailey Industries, Inc.* v. *CLJP, Inc.*, 270 F.R.D. 662 (N.D. Fla. 2010) (footnote omitted).

Here, Haft asserts a single objection to each Request set forth in the Subpoena:  the so-called "accountant-client" privilege.  Under Florida Statute 90.5055, communications between an accountant and a client are entitled to a *limited* privilege from disclosure.  More particularly, the privilege applies only to communications between the accountant and the client (and, more rarely, to accountant work papers).  It <u>*does not*</u> apply to financial documents that the client provides the accountant so the accountant can perform services for the client:  "Financial records and data which are not privileged in the hands of the client cannot be shielded from discovery deposition or subpoena by transferring them to the client's accountant."  *Paper Corp. of Am.* v. *Schneider*, 563 So.2d 1134, 1135 (Fla. 3d DCA 1990) (*per curiam*) (citing authorities).

This simple principle defeats Haft's sole objection, at least as to any document responsive to the Subpoena's Requests which Goldstein provided Haft (which is all the Subpoena sought in any event).

<u>*Local Rule 26.1(h)(2) Statement*</u>

Haft's response to each Request (where this Motion seeks to compel a response) was "PENDING LEGAL ADVICE ON FLORIDA ACCOUNTANT PRIVILEGE LAW."  Haft later sent an e-mail set forth in relevant part above and attached as Exhibit D, stating that Goldstein instructed Haft to assert the accountant-client privilege.  Because Haft did not set forth particularized objections to any Request, but instead rests upon this general objection, it is not possible for Judgment Creditors to set forth "the specific objections" or "the reasons assigned as supporting the motion as it relates to that specific item."  Judgment Creditors therefore believe this motion is one "grounded . . .  upon assertion of general or blanket objections to discovery,"

4

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

and that a more particularized response to each Request is not required by Local Rule 26.1(h)(2). This memorandum now identifies each request where Judgment Creditors seek to compel a response:

1.      Any and all documents relating to your preparation of the U.S. Individual Income Tax return for Leon Goldstein, including but not limited to all work papers, documents provided to you by Leon Goldstein for tax preparation, copies of any and all KI's 1099's, W-2's, or any other records referencing any income to Leon Goldstein and any and all documents reviewed by you or utilized by you in the preparation for same.

2.      All documents utilized by you reporting interest income from Leon Goldstein.

4.      Any and all documents relating to income and deductions for the condominium unit TS-2 at 17555 Collins Avenue, Sunny Isles, Florida.

5.      Any and all documents relating to income and deductions for the condominium unit TS-4 at 17555 Collins Avenue, Sunny Isles, Florida.

6.      All documents relating to investment interest, expense deductions, net investment income, total investment interest expense or any other documents relating to investment interest or expense.

7.      Any and all documents received by you from Goldstein to prepare the US Individual Income Tax Return for 2011and2012.

9.      Any and all documents utilized by you to prepare a statement 3-Schedule E Leon Goldstein for passive income relating to 75 Retail Enterprises, Inc.

10.      Any and all documents utilized by you to prepare a statement 3-Schedule E Leon Goldstein for passive income relating to 40 Retail Corporation.

11.      Any and all documents utilized by you to prepare a statement 3-Schedule E Leon Goldstein for passive income relating to Sterlington Retail Corporation.

12.      Any and all documents utilized by you to prepare a statement 3-Schedule E Leon Goldstein for passive loss relating to Century Drive Retail Corporation.

13.      Any and all documents utilized by you to prepare a statement 3-Schedule E Leon Goldstein for passive income relating to Texarkana Retail Corporation.

14.      Any and all documents utilized by you to prepare a statement 3-Schedule E Leon Goldstein for passive income relating to Pinnacle Three Corporation.

Phillips, Cantor, Shalek & Rubin, P.A.; Tel: (954) 966-1820 Fax: (954) 414-9309
Presidential Circle, 4000 Hollywood Boulevard, Suite 500-North, Hollywood, Florida 33021

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

*          *          *

WHEREFORE, Judgment Creditors respectfully request that this Court enter an order overruling Goldstein's objections and compelling Haft to turn over all documents responsive to the Subpoena Duces Tecum, and awarding Plaintiffs  sanctions against Goldstein in the form of their attorneys' fees associated with bringing forth this motion, and for any such further relief this Court deems just and proper.

## LR. 7.1 (a)(3) Certification

Movant has made a good faith effort and confer with the party failing to act in an effort to obtain responses without court action.

**PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.**
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Presidential Circle - Suite 500North
Hollywood, Florida  33021
Telephone:      (954) 966-1820
Facsimile:      (954) 414-9309

By:___s/  Jeffrey B. Shalek_____
Gary S. Phillips, Esquire
Fla. Bar No. 339814
gphillips@phillipslawyers.com
Jeffrey B. Shalek, Esquire
Fla. Bar No. 996221
jshalek@phillipslawyers.com

## Certificate of Service

I HEREBY CERTIFY that on April 18, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day on: Francis X Sexton, Jr., Esq., FOWLER RODRIGUEZ VALDES-FAULI, Suite 801, 355 Alhambra Circle, Coral Gables, Florida 33134 and W. Barry Blum, Esq., Brett Halsey, Esq., and Michael D. Joblove, Esq., Genovese Joblove & Battista, P.A., Miami Tower, Suite 4400, Miami, FL  33131, Glen H. Waldman, Heller Waldman, P.L.. 3250 Mary Street, Suite 102, Coconut Grove, Florida 33133, either via transmission of Notice of Electronic Filing generated by

6

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Filing.

By:____s/  Jeffrey B. Shalek_____
Jeffrey B. Shalek, Esquire

Phillips, Cantor, Shalek & Rubin, P.A.; Tel: (954) 966-1820 Fax: (954) 414-9309
Presidential Circle, 4000 Hollywood Boulevard, Suite 500-North, Hollywood, Florida 33021