UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually,

    Plaintiff/Judgment Creditors

v.

STAR CAPTIAL FUND, LLC, a Florida
Corporation, Leon Goldstein, individually,

    Defendants/Judgment Debtor
_____/

## MOTION TO COMMENCE SUPPLEMENTARY PROCEEDINGS AND TO IMPLEAD THIRD PARTY AND SUPPORTING MEMORANDUM OF LAW

Judgment Creditors, by and through undersigned counsel, pursuant to the Federal Rule of Civil Procedure 69(a)(1) and Florida Statute 56.29, move this Court for the commencement of proceedings supplementary in aid of execution and for the entry of an order impleading the following entities and persons as defendants in this matter: 75 RETAIL ENTERPRISES, INC., a Florida Corporation, 40 RETAIL CORPORATION, a Florida Corporation, CENTURY DRIVE RETAIL CORPORATION, a Florida Corporation, STERLINGTON RETAIL CORPORATION, a Florida Corporation, PINNACLE THREE CORPORATION, a Florida corporation, and TEXARKANA RETAIL CORPORATION, a Florida Corporation.

In support thereof, Judgment Creditors state:

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

## Procedural Background

1. On January 24, 2013 this Court entered an Amended Supplemental Final Judgment (the "Final Judgment") for Plaintiffs in the amount of $1,055,572.72, [DE #202], which Goldstein has not satisfied.

2. To date, despite diligent efforts, no monies have been collected by Judgment Creditors in payment of the Judgment.

3. On April 4, 2013, the Clerk issued a Writ of Execution against Leon Goldstein (copy attached as Exhibit "1").

4. Pursuant to the Writ of Execution and Instructions for Levy, on July 10, 2013, the US Marshal served the writ and levied on Goldstein's property at his residence located at 1445 Windjammer Way, Hollywood, Florida.

5. On July 15, 2013, the U.S. Marshal filed the Writ of Execution as "partially executed." [D.E. #264] As noted in Judgment Creditors' Second Motion for Break Order, other than a locked safe that has been alleged to contain approximately $9,000.00 in jewelry (See, DECLARATION of Non-Party in Claims Proceeding Pursuant to Fla. Stat. Section 56.16 by Nataliya Slobodyanik [D.E. #279], nothing of significant monetary value was located during the search of Defendant's residence on July 10, 2013.

6. As a result, Plaintiff holds an unsatisfied judgment and judgment lien against Defendant which is valid and outstanding, in the amount of $1,055,572.72 plus post-judgment interest from January 23, 2013, to date of execution and costs.

7. Plaintiff is entitled to supplementary proceedings in aid of execution of the Judgment and Judgment Lien.

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

## Memorandum of Law

Pursuant to Fed. R. Civ. P. 69(a), the procedures for proceedings supplementary to and in aid of judgment obtained in a federal district court "shall be in accordance with the practice and procedures of the state in which the district is held."  The practice and procedures of the State of Florida are found in Florida Statute Section 56.29, which provides that a judgment creditor holding an unsatisfied writ of execution on a judgment or judgment lien is entitled to supplementary proceedings in aid of execution, including impleading third parties which may have assets belonging to the judgment debtor. *See, Allied Industries Intern., Inc. v. AGFA-Gevaert, Inc.,* 688 F. Supp. 1516 (S.D. Fla. 1988) By enacting section 56.29, the Florida legislature intended that creditors have "a swift, summary disposition of issues," while "preserv[ing] the equitable character of both proceedings and the remedies available." *Id.* at 1517.

Fla. Stat. 56.29 requires only that the judgment creditor file an affidavit stating that there is an unsatisfied judgment, and that execution on such judgment is valid and outstanding in order to institute supplementary proceedings. *See Kovacs v. Nat'l Hebrew Glatt, Inc.,* 2008 WL 4621756, *2 (S.D.Fla. 2008); *Exceltech, Inc., v. Williams,* 597 So.2d 275 (Fla. 1992). The Affidavit[1] of Jeffery B. Shalek, filed herewith as Exhibit "2", contains the necessary allegations that there is a valid unsatisfied writ of execution. See Shalek Affidavit at paras. 3-7.  Further, based upon Goldstein's own Affidavit, (copy filed herewith as Exhibit "3") in the case styled *Rodion Sokrovichtchouk et al. v. EVS Investment Inc. et. al.,* currently pending in Miami Dade

---

[1] 28 USC 1746 provides that "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by . . . affidavit, in writing of the person making the same ..., such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated...."

County Circuit Court Case Number 10-58483 CA 40 (the "State Court Case"), he attests that he is the President and sole owner of Pinnacle Three Corporation. In Paragraph 4 of Goldstein's Affidavit, he attests that he owns thirty three and one third percent (33.3%) of 75 Retail, 40 Retail, Century Drive, Sterlington, and Texarkana since each company's inception. Upon information and belief, 75 Retail has issued stock certificates to Goldstein, but none of the other Goldstein Companies ever issued certificates reflecting Goldstein's 33.3% ownership interest.

Plaintiff moves the Court to implead these third parties because the judgment debtor is 33% owner therein, and he refuses to turn over shares of stock or the stock is otherwise uncertificated, and Judgment Creditors cannot otherwise attain the stock certificates absent the court's intervention. The Southern District of Florida has clearly confirmed that compliance with the statutory requirements of Fla. Stat. 56.29, namely that a Judgment Creditor file an affidavit stating that there is a valid unsatisfied writ of execution, provides and is the only predicate for impleading third parties. *See Kovacs* at *3. Judgment Creditors have complied with this requirement with the filing of the Shalek Declaration; therefore, the Court should grant Plaintiff's Motion to Implead the Third Parties.

Further, Judgment Creditors are entitled to proceedings supplementary to assist in their efforts to execute upon the Final Judgment through execution on both Goldstein's certificated and uncertificated stock in the Goldstein Companies. See Fla. Stat. §678.1121(5); (U.C.C. §8-112(e)) which sets forth that:

> A creditor whose debtor is the owner of a certificated security, uncertificated security, or security entitlement is entitled to aid from a court of competent jurisdiction, by injunction or otherwise, in reaching the certificated security, uncertificated security or security entitlement or in satisfying the claim by means allowed at law or in equity in regard to property that cannot readily be reached by other legal process. (Emphasis added).

4

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

*See, also House v. Williams*, 573 So.2d 1012 (Fla. 5th DCA, 1991)(holding a judge is authorized to order a closely held corporation controlled by the judgment debtor to reissue stock certificates in name of judgment debtor and deliver them to the Sherriff).

Finally, Judgment Creditors request that the Court award them attorney's fees and costs associated with Plaintiff's efforts to satisfy the Judgment. See Fla. Stat 57.115 (allowing court to award against judgment debtor reasonable costs and attorney's fees incurred by judgment creditor in connection with execution of judgment).

WHEREFORE, Plaintiff respectfully requests that the Court grant its Motion to Commence Supplementary Proceedings and to Implead Third Parties, and issue an Order to Show Cause providing the following relief:

1. Commencement of supplemental proceedings in aid of execution;

2. Implead: 75 RETAIL ENTERPRISES, INC., a Florida Corporation, 40 RETAIL CORPORATION, a Florida Corporation, CENTURY DRIVE RETAIL CORPORATION, a Florida Corporation, STERLINGTON RETAIL CORPORATION, a Florida Corporation, PINNACLE THREE CORPORATION, a Florida corporation, TEXARKANA RETAIL CORPORATION, a Florida Corporation (collectively "Impleaded Defendants") as Defendants to the supplemental proceedings in aid of execution;

3. Direct Defendant and Impleaded Defendants to respond, within 20 days from the date of service, to this Motion or to show cause why 1) the Goldstein Companies that have issued stock certificates should not be required to deliver the stock certificates to the U.S. Marshal for further disposition, including sale for the benefit of Chaban; 2) for the Goldstein Companies that have not issued stock certificates why they should not be required to (a) issue stock certificates

5

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

reflecting Goldstein's interests, (b) deliver the stock certificates to the U.S. Marshal for Florida's Southern District for further disposition including for sale for the benefit of Chaban;

4. Requiring Goldstein to turn over any issued stock certificates in his possession, custody or control in the Goldstein Companies to Chaban's counsel at the address below so that the those certificates can be turned over to the U.S. Marshal for Florida's Southern District for further disposition including for sale for the benefit of Chaban;

5. Enjoining the Impleaded Defendants from paying any dividends, distributions, debts or other remuneration to Goldstein or Pinnacle Fla. until the Judgment is satisfied and requiring all such amounts owed to Goldstein or Pinnacle Fla. be paid over to Judgment Creditors;

6. Direct the Impleaded Defendants to be immediately examined and/or respond to any written discovery or attend such depositions as noticed by Plaintiff concerning their relationship with Defendant Goldstein;

7. Award Judgment Creditors their costs and attorney's fees associated with Plaintiff's efforts to satisfy the Judgment; and

8. Grant Judgment Creditors such other and further relief as permitted by law.

6

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

## Rule 7.1(a)(3) Compliance

I HEREBY CERTIFY that I conferred with opposing counsel, and counsel does not agree to the relief sought.

**PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.**
Attorneys for Plaintiffs/Judgment-Creditors
4000 Hollywood Boulevard
Presidential Circle - Suite 500 North
Hollywood, Florida 33021
Telephone: (954) 966-1820
Facsimile: (954) 414-9309

By: s/ Jeffrey B. Shalek
Gary S. Phillips, Esquire
Fla. Bar No. 339814
gphillips@phillipslawyers.com
Jeffrey B. Shalek, Esquire
Fla. Bar No. 996221
jshalek@phillipslawyers.com

## Certificate of Service

I HEREBY CERTIFY that on August 22, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served this day on: Francis X Sexton, Jr., Esq., FOWLER RODRIGUEZ VALDES-FAULI, Suite 801, 355 Alhambra Circle, Coral Gables, Florida 33134 and W. Barry Blum, Esq., Brett Halsey, Esq., and Michael D. Joblove, Esq., Genovese Joblove & Battista, P.A., Miami Tower, Suite 4400, Miami, FL 33131, Glen H. Waldman, Heller Waldman, P.L.. 3250 Mary Street, Suite 102, Coconut Grove, Florida 33133, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Filing.

By: s/ Jeffrey B. Shalek
Jeffrey B. Shalek, Esquire

DC 11 (Rev. 11/2002) Writ of Execution

| WRIT OF EXECUTION | 10cv 21612-CMA |
|---|---|
| **UNITED STATES DISTRICT COURT** | DISTRICT  Southern District of Florida |

TO THE MARSHAL OF:
The Southern District of Florida

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements ~~in your district~~ belonging to:

NAME

Leon Goldstein
17555 Collins Avenue, Unit # 3702
Sunny Isles Beach, FL 33160

FILED by _____ D.C.
APR 04 2013
STEVEN M. LARIMORE
~~CLERK U.S. DIST. CT.~~
S. D. of FLA. – FT. LAUD.

you cause to be made and levied as well a certain debt of:

DOLLAR AMOUNT  $550,000 plus prejudgment DOLLAR AMOUNT interest since March 9, 2009 at
$1,055,572.72 = total judgment amount and 2.4% of $361.64(1) 1398 days =
$505,572.72

in the United States District Court for the  Southern  District of Florida,
before the Judge of the said Court by the consideration of the same Judge lately recovered against the said,

Leon Goldstein

and also the costs that may accrue under this writ.
    And that you have above listed moneys at the place and date listed below; and that you bring this writ with you.

| PLACE  17555 Collins Avenue, Unit 3702 | DISTRICT  Southern District of Florida |
|---|---|
| CITY  Sunny Isles Beach | DATE  April 3, 2013 |

Witness the Honorable _____
(United States Judge)

| DATE  4/4/13 | CLERK OF COURT  **STEVEN M. LARIMORE** |
|---|---|
| | (BY) DEPUTY CLERK  *Erwin* |

**RETURN**

| DATE RECEIVED | DATE OF EXECUTION OF WRIT |
|---|---|
| | |

This writ was received and executed.

| U.S. MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|

EXHIBIT 1

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually,

    Plaintiff/Judgment Creditors

v.

STAR CAPITAL FUND, LLC, a Florida
Corporation, Leon Goldstein, individually,

    Defendants/Judgment Debtor
_____/

### AFFIDAVIT OF JEFFREY B. SHALEK

STATE OF FLORIDA        )
                                  ) ss:
COUNTY OF BROWARD   )

BEFORE ME, the undersigned authority personally appeared Jeffrey Shalek, after being first duly sworn by me, deposes and says:

1.    My name is Jeffrey Shalek. I am over the age of 18 and otherwise sui juris. I make this affidavit based upon my own personal knowledge.

2.    I am a partner in the law firm of Phillips, Cantor, Shalek & Rubin, P.A., counsel to Judgment Creditors in this action.

3.    Judgment Creditors hold the judgment issued by this Court in this action (Case No. 10-CV-21612), as well as a corresponding judgment lien.

4.    The judgment and judgment lien are valid and outstanding but, as of the date of this affidavit, remain unsatisfied.

EXHIBIT 2

8
PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

5.  On July 10, 2013, I accompanied the U.S. Marshall in attempting to levy on the writ of execution issued by this Court.

6.  Nothing of value was levied upon, and on July 15, 2013 the U.S. Marshal returned and filed the Writ with this Court as partially executed.

7.  The unsatisfied amount of the judgment remains at $1,055,572.72, plus post-judgment interest and costs incurred in aid of execution.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JEFFREY SHALEK

SWORN TO AND SUBSCRIBED before me this 22 day of August, 2013, by Jeffrey Shalek, who is personally known to me and who did take an oath and swore that the facts set forth herein are true and correct under penalty of perjury.

_____
NOTARY PUBLIC, State of Florida

Notary Public State of Florida
Hope Page
My Commission EE 189309
Expires 04/20/2016

9

Phillips, Cantor, Shalek & Rubin, P.A.; Tel: (954) 966-1820 Fax: (954) 414-9309
Presidential Circle, 4000 Hollywood Boulevard, Suite 500-North, Hollywood, Florida 33021

CASE NO: 10-58483 CA 40
*Affidavit of Leon Goldstein in Support of Pinnacle Three Corporation's Motion for Partial Summary Judgment on Counts XV, XVI, XVII, XVIII and XIX for Money Lent*

## AFFIDAVIT OF LEON GOLDSTEIN IN SUPPORT OF PINNACLE THREE CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS XV, XVI, XVII, XVIII AND XIX FOR MONEY LENT

LEON GOLDSTEIN, being duly sworn, deposes and says:

1. My name is Leon Goldstein; I am over the age of 18 and I have personal knowledge of the facts set forth in this Affidavit.

2. I am the President and sole owner of Pinnacle Three Corporation ("Pinnacle"), a Florida corporation with its principal office in Miami-Dade County, Florida.

3. I make this Affidavit in support of Pinnacle's Motion for Partial Summary Judgment on Counts XV, XVI, XVII, XVIII and XIX for Money Lent (the "Motion") against 75 Retail Enterprises, Inc. ("75 Retail"), 40 Retail Corporation ("40 Retail"), Century Drive Retail Corp. ("Century Drive Retail"), Sterlington Retail Corporation ("Sterlington Retail"), and Texarkana Retail Corporation ("Texarkana Retail") (collectively the "Goldstein Companies"), respectively.

4. I agreed to loan necessary start-up money to 75 Retail, 40 Retail, Century Drive Retail, Sterlington Retail, and Texarkana Retail in exchange for an ownership interest in those companies. I have been the legal, record owner of thirty-three and one-third percent (33.3%) of the stock of 75 Retail, 40 Retail, Century Drive Retail, Sterlington Retail, and Texarkana Retail since the inception of each company.

5. I loaned the necessary start-up money through separate loans provided by Pinnacle. Each of the loans was a term loan that carried interest at ten percent (10%) and was to be repaid not later than three years from inception. Each of the loans required the loan be repaid

2



EXHIBIT 3

in full before any shareholder could begin withdrawing profits from the respective company. The loans have not been repaid within their respective three-year terms.

6. The Goldstein Companies produced QuickBooks records to me containing financial information from the inception of each company through December 31, 2011. According to the Quick Books records, Pinnacle was owed the following amounts as of December 31, 2011:

- $40,000.00[1] from 75 Retail for money lent from April 19, 2006 to June 29, 2006;

- $451,976.58 from 40 Retail with interest for money lent from August 31, 2005 to April 4, 2007;

- $949,751.57 from Century Drive Retail with interest for money lent from April 11, 2006 to June 7, 2007;

- $327,713.72 from Sterlington Retail with interest for money lent from June 6, 2006 to June 12, 2007; and

- $524,290.64 from Texarkana Retail with interest for money lent from June 6, 2006 to February 23, 2007.

True and correct copies of the Goldstein Companies' QuickBooks records are attached to the Motion as Exhibits B, C, D, and F.

7. After December 31, 2011, 40 Retail, Century Drive Retail and Sterlington Retail made several payments to Pinnacle on account of the loans. Additionally, the loans to 40 Retail, Century Drive Retail, Sterlington Retail and Texarkana Retail continued to accrue interest at a daily rate of .02740% based upon the annual rate of ten percent (10%).

---

[1] As noted in the Motion at p. 5, fn. 1, Pinnacle is moving for partial summary judgment on the $40,000.00 debt as evidenced by 75 Retail's own books and records. To the extent the motion is not granted, Pinnacle expressly reserves its right to seek all other money owed to Pinnacle, including the remaining $30,000.00 of the $70,000.00 debt as alleged in ¶¶ 33, 37 and 131 of the Complaint, and accrued interest.

3

CASE NO: 10-58483 CA 40
*Affidavit of Leon Goldstein in Support of Pinnacle*
*Three Corporation's Motion for Partial Summary*
*Judgment on Counts XV, XVI, XVII, XVIII and XIX*
*for Money Lent*

8. As of February 8, 2012, Pinnacle was owed:

- $40,000.00 from 75 Retail for money lent from April 19, 2006 to June 29, 2006;

- $445,643.50 from 40 Retail with interest continuing to accrue at a daily rate of .02740% for money lent from August 31, 2005 to April 4, 2007;

- $966,593.39 from Century Drive Retail with interest continuing to accrue at a daily rate of .02740% for money lent from April 11, 2006 to June 7, 2007; and

- $327,790.53 from Sterlington Retail with interest continuing to accrue at a daily rate of .02740% for money lent from June 6, 2006 to June 12, 2007.

9. As of February 9, 2012, Pinnacle was also owed $528,055.48 from Texarkana Retail with interest continuing to accrue at a daily rate of .02740% for money lent from June 6, 2006 to February 23, 2007.

10. Attached to the Motion as Exhibit G is a true and correct copy of the email thread between William Kramer, Esq., the Goldstein Companies' corporate counsel, and Steven Wolberg, Esq., Pinnacle's former counsel, on October 13th and 14th of 201.

11. Attached to the Motion as Exhibit H is a true and correct copy of the September 13, 2011 letter from Michael Hamaway, Esq., Pinnacle's counsel, to Abbey Kaplan, Esq., the Goldstein Companies' counsel.

12. Attached to the Motion as Exhibit I is a true and correct copy of the January 31, 2012 email from Abbey Kaplan, Esq., the Goldstein Companies' counsel, to Michael Hamaway, Esq., Pinnacle's counsel.

4

CASE NO: 10-58483 CA 40
*Affidavit of Leon Goldstein in Support of Pinnacle
Three Corporation's Motion for Partial Summary
Judgment on Counts XV, XVI, XVII, XVIII and XIX
for Money Lent*

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 22 day of February, 2012.

_____
LEON GOLDSTEIN

STATE OF FLORIDA       )
                       ) ss.:
COUNTY OF MIAMI-DADE   )

On this 22 day of February, 2012 before me personally appeared LEON GOLDSTEIN, who [ ] did [ ] did not take an oath and who [✓] is personally known to me [ ] has produced _____ as identification to be the person described in and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.

HEATHER G GONZALEZ
MY COMMISSION # DD 843428
EXPIRES: December 14, 2012
Bonded Thru Budget Notary Services

_____
NOTARY PUBLIC

Heather G. Gonzalez
Printed Name of Notary
My Commission Expires: 12/14/12

5