UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21612-CIV-ALTONAGA/Simonton

**PALADIN SHIPPING CO. LTD**, *et al.*,

    Plaintiffs/Judgment Creditors,
vs.

**LEON GOLDSTEIN**,

    Defendant/Judgment Debtor.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Judgment Creditors' Motion to Commence Supplementary Proceedings and to Implead Third Party . . . ("Motion") [ECF No. 284], filed on August 22, 2013. The Court has carefully considered the Motion, the Affidavit in Support of Judgment Creditors' Motion (*see* Mot., Ex. 2), and the applicable law.

Pursuant to Federal Rule of Civil Procedure 69(a)(1), "[t]he procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located . . . ." FED. R. CIV. P. 69(a)(1). Florida Statute section 56.29 sets forth the procedures for impleading supplemental defendants. Section 56.29(1) indicates that "the two jurisdictional prerequisites for supplementary proceedings are (1) an unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied along with a list of persons to be impleaded." *General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997); *see* FLA. STAT. § 56.29. No other showing is necessary to implead third parties.

CASE NO. 10-21612-CIV-ALTONAGA/Simonton

Judgment Creditors have attached to the Motion both the unsatisfied writ of execution and the required affidavit. (*See* Mot., Exs. 1–2). Thus, they have met the jurisdictional requirements of section 56.29. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Judgment Creditors' Motion **[ECF No. 284]** is **GRANTED**.

2. Third parties 75 Retail Enterprises, Inc., 40 Retail Corporation, Century Drive Retail Corporation, Sterlington Retail Corporation, Pinnacle Three Corporation, Texarkana Retail Corporation are hereby impleaded pursuant to Florida Statute section 56.29 for the purpose of supplementary post-judgment proceedings in aid of execution.

3. Judgment Creditors shall serve a copy of this Order on the Impleaded Defendants. The Impleaded Defendants shall respond, **within 20 days from the date of service**, to this Order and show cause why (1) the Impleaded Defendants that have issued stock certificates should not be required to deliver the stock certificates to the U.S. Marshal for further disposition; (2) the Impleaded Defendants that have not issued stock certificates should not be required to (a) issue stock certificates reflecting Defendant Leon Goldstein's interests, and (b) deliver the stock certificates to the U.S. Marshal for further disposition.

4. Upon response from the Impleaded Defendants, Judgment Creditors may file a motion with the Court to set hearings for post-judgment supplementary proceedings.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of August, 2013.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc: counsel of record