UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually

    Plaintiff/Judgment Creditor

vs.

STAR CAPTIAL FUND, LLC, a Florida Corporation,
Leon Goldstein, individually,

    Defendants/Judgment Debtor
_____/

75 RETAIL ENTERPRISES, INC.,
a Florida Corporation,
40 RETAIL CORPORATION,
a Florida Corporation,
CENTURY DRIVE RETAIL CORPORATION,
a Florida Corporation,
STERLINGTON RETAIL CORPORATION,
a Florida Corporation,
TEXARKANA RETAIL CORPORATION,
a Florida Corporation,
PINNACLE THREE CORPORATION, (Fl.)
a Florida Corporation,
PINNACLE THREE CORPORATION, (Ill.)
An inactive Illinois Corporation,

    Supplemental Parties
_____/

**JUDGMENT CREDITORS' MOTION TO COMPEL TURNOVER OF PINNACLE
THREE AND 75 RETAIL ENTERPRISES, INC.'S STOCK CERTIFICATES**

    Plaintiffs/Judgment Creditors Paladin Shipping Co. Ltd. and Anatoliy Chaban ("Paladin"

and "Chaban" shall be referred to collectively as "Judgment Creditors"), by and through

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

undersigned counsel, moves this Honorable Court to enter an Order for Issuance and Turn Over of Stock Certificates, and in support thereof states as follows:

1. On January 24, 2013 this Court entered an Amended Supplemental Final Judgment (the "Amended Supplemental Final Judgment") for Plaintiffs in the amount of $1,055,572.72, [D.E. 202].

2. Upon receipt of the Amended Supplemental Final Judgment for Plaintiffs, Plaintiffs filed a Judgment Lien Certificate with the Florida Secretary of State on February 6, 2013, which reflects Paladin and Chaban as the Judgment Creditors and Goldstein as the Judgment Debtor according to Florida Statute §55.201 through §55.209.

3. By filing the Judgment Lien Certificate with the Florida Secretary of State, Judgment Creditors acquired and hold a state wide lien on all of Goldstein's personal property that is subject to execution in the State of Florida. *See* Fla. Stat. §55.202. Stock of the Goldstein Companies is among the items covered in such lien. *See* Fla. Stat. §56.061.

4. As Judgment Creditors has previously advised the Court in various Motions that have been filed since entry of the Final Judgment in this case, [*See* D.E. 204, Ex. 1] Goldstein previously attested that he is the President and sole owner of Pinnacle Three Corporation and a thirty-three and a third percent (33.33%) owner of 75 Retail Enterprises, Inc., since each company's inception.

5. On August 22, 2013, Judgment Creditors served their Motion for Proceedings Supplementary [D.E. 284] seeking to implead the Florida corporations listed in the preceding paragraph. The Court granted the Motion and entered an Order to Show Cause [D.E. 285] directed to the Impleaded Defendants to show Leon Goldstein's ownership interests therein.

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

6. On September 20, 2013, the Impleaded Defendants[1] Pinnacle Three served their Response to the Order to Show Cause [D.E. 286], wherein they confirmed that 75 Retail has issued stock certificates to Goldstein but they are in Goldstein's sole possession, and that none of the other Goldstein Companies ever issued certificates reflecting Goldstein's 33.3% ownership interests therein.

7. Judgment Creditors are entitled to injunctive relief and other court action in assisting in their efforts to execute upon the Supplemental Final Judgment through execution on Goldstein's stock certificates in 75 Retail. *See* Fla. Stat. §678.1121(5); (U.C.C. §8-112(e)); *House v. Williams*, 573 So.2d 1012 (Fla. 5th DCA, 1991)(holding a judge is authorized to order a closely held corporation controlled by the judgment debtor to reissue stock certificates in name of judgment debtor and deliver them to the Sherriff).

8. This Court may order the Clerk of Court to issue a Writ of Execution for the 75 Retail stock certificates and to issue a mandatory injunction requiring Goldstein to turn over that stock. Fla. Stat. §678.1121(1) entitles Chaban to execute upon Goldstein's stock in 75 Retail, when the stock is certificated, i.e when actual shares are issued. The statute makes clear that this must be done only by actual seizure of the security certificate by the officer making the attachment or levy.

9. As to Pinnacle Three Corporation, the record is clear that Goldstein is 100% owner of the Corporation, [D.E 204, Ex. 1]. This Court has jurisdiction over Goldstein and can indeed and should order Goldstein to issue shares in Pinnacle Three Corporation and turn these shares over to the U.S. Marshall for sale at public auction.

---

[1] As is more fully alleged in Judgment Creditors' Motion for Service by Publication, all Impleaded Defendants except Pinnacle Three were personally served with the Order to Show Cause.

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

10. Of course, the problem lies in locating the actual certificate as it is extraordinarily easy to hide a single piece of paper from a judgment creditor. The powers of the Court are necessary to compel the turnover of the asset. The U.C.C. makes it clear that the Court has such power. The Official Comments to U.C.C. 8-122 state that "[i]n dealing with certificated securities the instrument itself is the vital thing, and therefore a valid levy cannot be made unless all possibility of the certificate's wrongfully finding its way into a transferee's hands has been removed." The commentary further acknowledges, "A debtor who has been enjoined can still transfer the security in contempt of court. Therefore, although injunctive relief is provided in subsection (e) so that creditors may use this method to gain control of the certificated security, the security certificate itself must be reached to constitute a proper levy whenever the debtor has possession."

11. As such, in accordance with the above, Judgment Creditors seek an Order compelling Goldstein to turn over the Stocks of 75 Retail Enterprises and Pinnacle Three Corporation to the U.S. Marshal, an Execution, upon which the U.S. Marshal Services can execute a proper levy upon Goldstein's shares in 75 Retail. Judgment Creditors further request this Court enter a mandatory injunction requiring Goldstein to issue stock in Pinnacle Three Corporation to turn over all issued stock in 75 Retail and Pinnacle Three Corporation and enjoin Goldstein and/or the authorized agents of 75 Retail and Pinnacle Three Corporation from transferring, pledging, redeeming, assigning or otherwise disposing of Goldstein's certificated securities.

### Rule 7.1(a)(3) Compliance

I HEREBY CERTIFY that I conferred with Leon Goldstein's counsel, and counsel does not agree to the relief sought.

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

**PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.**
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Presidential Circle - Suite 500North
Hollywood, Florida 33021
Telephone:     (954) 966-1820
Facsimile:      (954) 414-9309

By:___s/ Gary S. Phillips_____
    Gary S. Phillips, Esquire
    Fla. Bar No. 339814
    gphillips@phillipslawyers.com
    Jeffrey B. Shalek, Esquire
    Fla. Bar No. 996221
    jshalek@phillipslawyers.com

**Certificate of Service**

I HEREBY CERTIFY that on October 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served this day on: Francis X Sexton, Jr., Esq., FOWLER RODRIGUEZ VALDES-FAULI, Suite 801, 355 Alhambra Circle, Coral Gables, Florida 33134 and W. Barry Blum, Esq., Brett Halsey, Esq., either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Filing.

By:___s/ Gary S. Phillips_____
    Gary S. Phillips, Esquire