UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually

    Plaintiff/Judgment Creditor

vs.

STAR CAPTIAL FUND, LLC, a Florida Corporation,
Leon Goldstein, individually,

    Defendants/Judgment Debtor
_____/

75 RETAIL ENTERPRISES, INC.,
a Florida Corporation,
40 RETAIL CORPORATION,
a Florida Corporation,
CENTURY DRIVE RETAIL CORPORATION,
a Florida Corporation,
STERLINGTON RETAIL CORPORATION,
a Florida Corporation,
TEXARKANA RETAIL CORPORATION,
a Florida Corporation,
PINNACLE THREE CORPORATION, (Fl.)
a Florida Corporation,
PINNACLE THREE CORPORATION, (Ill.)
An inactive Illinois Corporation,

    Supplemental Parties
_____/

**JUDGMENT CREDITORS' MOTION TO COMPEL 40 RETAIL CORP,
CENTURY DRIVE RETAIL CORP. AND STERLINGTON RETAIL CORP.
TO PAY SETTLEMENT FUNDS TO JUDGMENT CREDITOR OR,
ALTERNATIVELY, TO DEPOSIT SETTLEMENT PROCEEDS
INTO COURT REGISTRY and
<u>MEMORANDUM OF LAW IN SUPPORT</u>**

    Plaintiffs/Judgment Creditors Paladin Shipping Co. Ltd. and Anatoliy Chaban ("Paladin" and "Chaban" shall be referred to collectively as "Judgment Creditors"), by and through

undersigned counsel, moves this Honorable Court to enter an order compelling Supplemental Parties 40 Retail Corporation, Century Drive Retail Corporation and Sterlington Retail Corporation (together the "Settling Corporations") to pay settlement payments to Judgment Creditors or alternatively, deposit the payments into this Court's registry, and in support thereof states as follows:

1. On January 24, 2013 this Court entered an Amended Supplemental Final Judgment (the "Amended Supplemental Final Judgment") for Plaintiffs in the amount of $1,055,572.72, [D.E. 202].

2. Plaintiffs filed a Judgment Lien Certificate pursuant to Florida Statute §55.201 through §55.209 with the Florida Secretary of State on February 6, 2013, which reflects Paladin and Chaban as the Judgment Creditors and Goldstein as the Judgment Debtor. By filing the Judgment Lien Certificate with the Florida Secretary of State, Judgment Creditors acquired and hold a state wide lien on all of Goldstein's personal property subject to execution in the State of Florida. *See* Fla. Stat. §55.202.

3. As Judgment Creditors previously advised the Court in various Motions filed since entry of the Final Judgment in this case, [*See* D.E. 204, Ex. 1] <u>Goldstein previously attested that he is the President and sole owner of Pinnacle Three Corporation ("Pinnacle")</u>, since that company's inception. On August 22, 2013, Judgment Creditors served their Motion for Proceedings Supplementary [D.E. 284] seeking to implead, *inter alia,* the Settling Corporations and Pinnacle. The Court granted that motion and entered its Order [DE 285] requiring each of the impleaded Supplemental Parties to respond within 20 days of service of process.

4. Pinnacle, through its registered agent Leon Goldstein, was served with a copy of the Order on October 18, 2013 when Leon Goldstein returned to the United States. (See Exhibit

2

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

A). More than 20 days has elapsed and Pinnacle failed to comply with the Order and show cause why Pinnacle's stock should not be delivered to the U.S Marshal for sale. Pinnacle simply refuses to appear despite being properly served.

5. Accordingly, on November 12, 2013, this Court entered an Order compelling Goldstein and Pinnacle to surrender the stock in Pinnacle for public auction to satisfy the judgment. [DE-300].

6. In the interim, Judgment Creditors served Subpoenas Duces Tecum upon each of the Settling Corporations and discovered that the Settling Corporations settled a state court litigation with Goldstein and Pinnacle; which settlement agreement provided for 40 Retail, Century Drive and Sterlington to enter into a promissory note with Pinnacle for $2,100,000 and pay Pinnacle $38,904.26 each month until the $2,100,000 is paid. (See Exhibit B hereto).

7. The Settling Corporations have and continue to pay the $38,904.26 to Pinnacle every month. (See Exhibit C hereto).

### *Memorandum of Law*

Goldstein owns Pinnacle. As part of the Fla. Stat. 56.29 supplemental proceedings instituted against Pinnacle in this action, the Court entered a mandatory injunction requiring Goldstein to issue and surrender the stock in Pinnacle to Judgment Creditor's counsel. Fla. Stat. 56.29(5) specifically states that:

> The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.

Since Pinnacle, Goldstein's wholly owned company, receives money from the Settling Corporations, equity and justice requires that the Settling Corporations make payment to the

3

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

Judgment Creditors or to the Court registry. In fact, Fla. Stat. 56.29(5) provides this Court with the specific authority to order the money in the hands of Pinnacle to be used to satisfy the judgment. The law is not so powerless to allow Goldstein to circumvent this Court's judgment by having his wholly owned company collect debts which should be paid to the Judgment Creditors to satisfy the judgment entered by this Court.

Magistrate Judge Torres set forth the standards in play here:

> These proceedings supplementary were brought pursuant to Fed.R.Civ.P. 69 and Fla. Stat. § 56.29. Rule 69 provides that state law concerning supplementary post judgment proceedings will govern to the extent that it is not preempted by federal law. *Allied Indus. Int'l, Inc. v. AGFA–Gavaert, Inc.,* 688 F.Supp. 1516, 1517 (S.D.Fla.1988). Section 56.29 establishes the framework for proceedings supplementary in Florida.
>
> Proceedings supplementary provide a "useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto *by a speedy and direct proceeding in the same court in which the judgment was recovered." Regent Bank v. Woodcox,* 636 So.2d 885, 886 (Fla. 4th DCA 1994) (emphasis in original) (citation omitted). They are designed to avoid the necessity of a judgment creditor having to initiate an entirely separate action in order to reach assets of a judgment debtor. *Id.; Tomayko v. Thomas,* 143 So.2d 227, 229 (Fla. 3d DCA 1962) (statutory proceedings supplementary to execution are a substitute for a creditor's bill which was the traditional process for reaching assets of a judgment debtor); *Cuban Cigar Brands, NV v. Tabacalera Popular Cubana, Inc.,* 2008 WL 4279641, at *2 (S.D.Fla. Sept.16, 2008) (the proceeding is "equitable in nature and should be interpreted liberally to ensure that a judgment creditor receives the most complete relief possible *without the necessity of initiating a separate action."* (emphasis supplied) (internal citations omitted)); *Schwartz v. Capital City First Nat'l Bank,* 365 So.2d 181, 183 (Fla. 1st DCA 1978) (legislative purpose is to allow a court to follow through with the enforcement of its judgment so there is no need for an independent suit to reach property that legally should be applied to satisfy the judgment).
>
> Through § 56.29, the Florida Legislature intended to provide "a swift, summary disposition of issues through the relief of equitable remedies." *Mission Bay Campland, Inc. v. Sumner Fin. Corp.,* 72 F.R.D. 464, 466 (M.D.Fla.1976). Proceedings supplementary are not independent causes of action but are post-judgment proceedings that permit a judgment creditor to

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

> effectuate a judgment lien that already exists. *Zureikat v. Shaibani,* 944 So.2d 1019, 1022 (Fla. 4th DCA 2006); *Buckley v. Pappas,* 2 So.3d 376, 378 (Fla. 4th DCA 2008) (same).
>
> * * *
>
> Impleading third parties in a proceeding supplementary to execution is necessary to acquire jurisdiction over them and to afford them the essential elements of due process. *Mission Bay Campland, Inc. v. Sumner Fin. Corp.,* 71 F.R.D. 432, 434 (M.D.Fla.1976); *Allied Indus.,* 688 F.Supp. at 1518. It does not imply liability on the part of the impleaded parties but, rather, provides them with an opportunity to raise their defenses and protect their interests consistent with the requirements of due process. *Id.* at 435; *see also Tomayko,* 143 So.2d at 229–30; *Ryan's Furniture,* 162 So. at 487. Thus, § 56.29 provides for impleading any party that may hold the judgment debtor's property and ordering the impleaded party to appear before the court and show cause why the property should not be applied toward satisfaction of the judgment creditor's judgment. After due process concerns have been met, the court may order any property of the judgment debtor, not exempt from execution, in the hands of an impleaded party to be applied toward satisfaction of the judgment debt.

*Mystique, Inc. v. 138 Intern., Inc.,* 2010 WL 3008809 (S.D.Fla.2010).

Pinnacle, by failing to appear in this proceeding supplemental despite being served with process on October 18, 2013, has waived its right to contest the turnover of the stock and the payments being made to Pinnacle.  The Court has already determined that Goldstein is no longer entitled to possess the stock of Pinnacle.  Accordingly, he should not be entitled to possess any money paid to Pinnacle, as the money in the hands of Pinnacle is money that belongs to Goldstein.

Judgment Creditor requests that this Court require 40 Retail, Century Drive and Sterlington to make the monthly payments owed to Pinnacle directly to Judgment Creditor's Counsel's Trust Account as part satisfaction of the judgment or alternatively, into the Court's registry until the stock is recovered and the Court determines who lawfully is entitled to the funds.

5

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

## Rule 7.1(a)(3) Compliance

I HEREBY CERTIFY that I conferred with Leon Goldstein's counsel, and counsel does not agree to the relief sought.

**PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.**
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Presidential Circle - Suite 500North
Hollywood, Florida  33021
Telephone:     (954) 966-1820
Facsimile:     (954) 414-9309

By:     s/  Jeffrey B. Shalek
        Gary S. Phillips, Esquire
        Fla. Bar No. 339814
        gphillips@phillipslawyers.com
        Jeffrey B. Shalek, Esquire
        Fla. Bar No. 996221
        jshalek@phillipslawyers.com

## Certificate of Service

I HEREBY CERTIFY that on November 13, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day on: Francis X Sexton, Jr., Esq., FOWLER RODRIGUEZ VALDES-FAULI, Suite 801, 355 Alhambra Circle, Coral Gables, Florida 33134 either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Filing.

By:     s/  Jeffrey B. Shalek
        Jeffrey B. Shalek, Esquire