UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually

    Plaintiff,

vs.

STAR CAPTIAL FUND, LLC, a Florida
Limited Liability Company and
LEON GOLDSTEIN, individually

    Defendants.
_____/
VERNAL USA, INC., a California Corp,

    Intervening Plaintiff,

vs.

PALADIN SHIPPING CO., LTD,
a foreign corporation and
ANATOLIY CHABAN, an individual,

    Defendants.
_____/

### DEFENDANTS PALADIN SHIPPING CO. LTD AND ANATOLIY CHABAN'S MOTION TO DISMISS THE COMPLAINT OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT, STATEMENT OF FACTS AND SUPPORTING MEMORANDUM OF LAW

Defendants Paladin Shipping Co., Ltd. (Paladin") and Anatoliy Chaban ("Chaban") ("collectively Defendants") hereby move the Court, pursuant to *Fed. R. Civ. P.* 12(b)(6) & (d) and Rule 56, to dismiss the Complaint for Intervention filed by Vernal

USA, Group ("Intervenor"), because as a matter of law, the Intervenors' Declaratory Judgment Claim cannot be sustained under the law.

For the reasons more fully discussed in the Statement of Facts and Memorandum of Law below, Defendants respectfully request that this Court dismiss the Complaint with prejudice and enter Final Judgment for the Defendants.

## STATEMENT OF FACTS

1. On August 9, 2011, this Court entered its Final Judgment after Bench Trial (DE-122). That order was appealed to the 11th Circuit Court of Appeal (DE-127) and on November 2, 2012, the Court of Appeal Vacated the Final Judgment and Remanded the case to this Court for further proceedings. (DE-181)

2. That same date, this Court entered a Status Report Order (DE-182) requiring the parties to file a joint status report to advise the Court on various scenarios under which it should reconsider the testimony and evidence at trial. On November 15, 2012, the Parties filed a Joint Status Report so advising the Court. (DE-190). In this status report, no party requested a new trial or asked this Court to consider new evidence.

4. Rather, the parties separately filed proposed supplemental findings of fact and conclusions of law based upon the evidence offered during the three day bench trial. (DE 195 & 196).

5. On January 3, 2013, the Court entered its Order Setting Forth Supplemental Findings of Fact and Conclusions of Law (DE-197); and on January 7, 2013, the Court entered the Supplemental Final Judgment. (DE-199).

2

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-N, HOLLYWOOD, FLORIDA 33021

CASE NO. 10-CV-21612 ALTONAGA-BROWN

6. On January 14, 2013, Francis Sexton, Counsel for Goldstein, sent an e-mail to Counsel for Chaban indicating that Goldstein was challenging the judgment. *See* Exhibit "A" attached hereto. The only issue raised was Goldstein's belief that the incorrect statutory interest rate was used for post judgment accrual (the state rate was used in the judgment and not the federal rate required under 28 USC 1961). Mr. Sexton indicated that he would file a post judgment motion if the parties could not agree on the issue and stated that the e-mail would serve as his "meet and confer request set forth in Local Rule 7."

7. Chaban agreed to the relief requested and the parties agreed that Chaban would submit an amended judgment that merely changed the rate of post judgment interest which had no effect on the material terms of the judgment. *See* Exhibit "B" attached hereto. Chaban filed an unopposed motion which made it clear that the ministerial relief requested by Mr. Sexton should be corrected. [DE-200]

8. On January 23, the Court corrected the error in the judgment and changed the interest rate to the federal rate, but indicated that the interest would run, dating back to January 4, 2013, the date of the original judgment. [DE-202] Other than the correction of the interest rate, which favored Goldstein, no changes were made.

9. Given that the Judgment was entered on January 7, 2013 and no material change was ever made, thirty days later, on February 6, 2013, the judgment was recorded with the Secretary of State of Florida, thus perfecting Plaintiff's judgment lien. *See* Intervenor's Complaint, ¶ 7 [DE-302].

3

10. On February 21, 2013, Goldstein filed a Motion for New Trial, first asking the Court to take additional expert testimony as to the value of the M/V Chalsi. [DE-205] On March 12, 2013, the Court quickly denied the Motion for New Trial holding that because Goldstein did not ask the court to take evidence in the Joint Status Report, that Goldstein was deemed to have waived his right to file the motion. Moreover, the Court specifically found that the Motion for New Trial was not even proper under Rules 59 or 60. [DE-214].

## MEMORANDUM OF LAW

### I. Legal Standard of Motion to Dismiss

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 868 (2007), sets forth the legal standard to evaluate a claim on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*See* id. at 555 (internal citations omitted).

Hence, when deciding a motion to dismiss the court has been advised to "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal* 550 U.S. 662, 679 (2009). A plausible claim for relief must include "factual content [that] allows the court

4

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

## II. Converting the Motion to Summary Judgment

Rule 12(d) of the Federal Rules of Civil Procedure provides: "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). "Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is hereby converted into a Rule 56 Summary Judgment motion." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir.2002). It is within the court's discretion to decide whether to consider matters outside the pleadings. *See Jones v. Auto. Ins. Co.*, 917 F.2d 1528, 1531–32 (11th Cir.1990).

## III. Standard for Summary Judgment

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *219 South Atlantic Blvd. Inc. v. City of Ft. Lauderdale*, 239 F.Supp.2d 1265 (S.D. Fla. 2002). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some

5

metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). According to the plain language of Fed.R.Civ.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

"A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202.

"A party resisting summary judgment cannot expect to rely on bare assertions or mere cataloguing of affirmative defenses." *Residential Funding Company, LLC v. Terrace Mtg Co.*, 2012 WL 388637 (D. Minn February 7, 2012)(citing, *Harper v. Delaware Valley Broadcasters, Inc.* 743 F. Supp. 1076, 1090 (D. Del. 1990), *aff'd*, 932 F. 2d 959 (3d Cir. 1991)(table).

The facts set forth herein are uncontroverted and fully supported by the record or documents over which the court may take judicial notice. As there is no remaining issue of fact to be determined, the facts form questions this Court may resolve as a matter of law.

6

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-N, HOLLYWOOD, FLORIDA 33021

CASE NO. 10-CV-21612 ALTONAGA-BROWN

## IV. Argument

In its Intervention Complaint, Intervenor asked the court to declare that Defendants' Judgment Lien Certificate is void because it was prematurely recorded pursuant to Fla. Stat. §55.202(2)(a), which states:

> A judgment lien is acquired by filing a judgment lien certificate in accordance with s. 55.203 with the Department of State after the judgment has become final and if the time to move for rehearing has lapsed, no motion for rehearing is pending, and no stay of the judgment or its enforcement is then in effect. A court may authorize, for cause shown, the filing of a judgment lien certificate before a judgment has become final when the court has authorized the issuance of a writ of execution in the same matter. A judgment lien certificate not filed in compliance with this subsection is permanently void and of no effect.

Intervenor (with no standing to raise the argument) believes that a Judgment Lien Certificate should not have been filed until after March 12, 2013, when the Court ruled on Goldstein's Motion for New Trial.

The Intervenor is wrong as a matter of law. The judgment became final and the time for filing a motion for rehearing was 28 days after January 7, 2013. The Judgment was recorded thirty days after January 7, 2013.

Here, this Court entered its final supplemental judgment on January 7, 2013 and shortly thereafter Goldstein raised the issue of the interest rate which in no way revised any legal rights or obligations between the parties. The rights and obligations were plainly and finally settled in the Findings of Fact and Conclusion of Law [DE-197] and the Supplemental Final Judgment [DE-199]. The time for Goldstein to file a motion for a new trial still ran from the date of January 7, 2013.

7

CASE NO. 10-CV-21612 ALTONAGA-BROWN

The United States Supreme Court has ruled on this issue. In *Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.,* 344 U.S. 206, 73 S.Ct. 245 (1952), the Supreme Court held:

> Petitioner tells us that the application must be deemed to be in time because 'when a court actually changes its judgment, the time to appeal or petition begins to run anew irrespective of whether a petition for rehearing has been filed.' We think petitioner's interpretation of our decisions is too liberal.
>
> \* \* \*
>
> Thus, **the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance,** or resolves a genuine ambiguity, in a judgment previously rendered **should the period** within which an appeal must be taken or a petition for certiorari filed **begin to run anew.** The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality. (Emphasis Supplied).

*Id.* at 344 U.S. 211; 73 S. Ct 248-49. Here, the issue of the interest rate was raised and agreed to by the parties. The judgment was changed to reflect the error of the interest rate.

Only "a significant change in a judgment starts all time periods anew, whether the district court alters the judgment at the request of a party or on its own motion." *Charles v. Daley,* 799 F.2d 343, 348 (7th Cir.1986) citing *FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211, 73 S.Ct. 245, 97 L.Ed. 245 (1952). "The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Kraft, Inc. v. United States,* 85 F.3d 602, 605 (Fed.Cir.1996) citing *FTC v.*

8

*Minneapolis–Honeywell Regulator Co.,* 344 U.S. at 211–213. Courts discourage the filing of successive Fed.R.Civ.P. 59(e) motions as "wasteful of judicial resources." *Arnold Farmers Ins. Co.,* 2012 U.S. Dist. LEXIS 67262 at *19, 2012 WL 1684537 at *7 (D.N.M.2012). The United States Court of Appeals for the Federal Circuit has explained that "[s]uccessive motions periods, which would encourage piecemeal attack on a judgment and delay appeals are not authorized."

In the instant case, the corrected judgment never served to restart any tolling periods. It was purely a ministerial change, agreed to by the parties. The Judgment Lien Certificate was properly and timely recorded with the Florida Secretary of State because Goldstein never filed a motion attacking the Final Supplemental Judgment. As this Court previously noted, the only untimely procedural occurrence in this case was Goldstein's Motion to Reopen the Trial.

## V. Conclusion

For the foregoing reasons, Intervening Defendants requests that this Court grant the Motion to Dismiss with Prejudice, or Alternatively, grant them Summary Judgment and enter a Final Judgment in Defendants favor, and provide such other and further relief as the Court deems just and appropriate.

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(3) no pre-filing conferences is required by counsel when filing a Motion to Dismiss or Motion for Summary Judgment.

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-N, HOLLYWOOD, FLORIDA 33021

CASE NO. 10-CV-21612 ALTONAGA-BROWN

Respectfully submitted,

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.
Attorneys for Intervening Defendants
4000 Hollywood Boulevard, Suite 500-North
Hollywood, FL 33021
Telephone: (954) 966-1820
Facsimile: (954) 414-9309


By: ___s/ Jeffrey B. Shalek___
  Gary S. Phillips
  Florida Bar No. 339814
  gphillips@phillipslawyers.com
  Jeffrey B. Shalek
  Florida Bar No. 996221
  jshalek@phillipslawyers.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served this day on: Francis X Sexton, Jr., Esq., FOWLER RODRIGUEZ VALDES-FAULI, Suite 801, 355 Alhambra Circle, Coral Gables, Florida 33134 and Michael Sayre Esq. either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Filing.

            ___s/ Jeffrey B. Shalek___
            Jeffrey B. Shalek

**Jeffrey B. Shalek**

**From:** Francis X. Sexton <fsexton@frvf-law.com>
**Sent:** Monday, January 14, 2013 4:09 PM
**To:** Jeffrey B. Shalek
**Subject:** Paladin Shipping Company Ltd. v. Leon Goldstein

Jeff, I was re-examining the judgment and I'm pretty sure the Court was incorrect in applying the Florida state statutory rate of 4.75% for the post-judgment interest: I am sure that pursuant to 28 USC 1961, in the federal court (on a diversity case) the rate is tied to an annual average yield on T Bills, which for the week prior to the judgment was 0.14. Take a look and see if you agree; if so, we can stipulate to a correction; if not, please consider this to be my "meet and confer" request set forth in Local Rule 7.


*Francis X. Sexton, Jr.*
*Fowler Rodriguez Valdes Fauli*
*355 Alhambra Circle*
*Suite 801*
*Coral Gables, Florida 33134*

*(786) 364-8400*
*Fax: (786) 364-8401*

Confidentiality Notice: The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email, delete the e-mail from your computer, destroy all copies of the original message, and do not copy or disclose it to anyone else. If you are not an existing client of this firm, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything in reply that you intend to be confidential. If you properly received this e-mail as a client, co-counsel or consultant, you should maintain its contents in confidence in order to preserve the attorney-client privilege or work product exclusion that may be available to protect confidentiality.



EXHIBIT A

# Jeffrey B. Shalek

**From:** Francis X. Sexton <fsexton@frvf-law.com>
**Sent:** Wednesday, January 23, 2013 9:21 AM
**To:** Jeffrey B. Shalek
**Subject:** Re: amended supplemental judgment

Approved

**From:** Jeffrey B. Shalek [mailto:jshalek@phillipslawyers.com]
**Sent:** Tuesday, January 22, 2013 04:50 PM
**To:** Francis X. Sexton
**Subject:** amended supplemental judgment

Please approve so I can get this to the judge.
Jeffrey B. Shalek, Esq.
Phillips, Cantor, Shalek & Rubin, P.A.
Presidential Circle
4000 Hollywood Boulevard, Suite 500 North
Hollywood, Florida 33021
Tel: 954-966-1820
Fax: 954-414-9309
For Service: PhillipsLawyers@gmail.com
Personal E-Mail: JShalek@PhillipsLawyers.com

Confidentiality Notice: The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email, delete the e-mail from your computer, destroy all copies of the original message, and do not copy or disclose it to anyone else. If you are not an existing client of this firm, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything in reply that you intend to be confidential. If you properly received this e-mail as a client, co-counsel or consultant, you should maintain its contents in confidence in order to preserve the attorney-client privilege or work product exclusion that may be available to protect confidentiality.



EXHIBIT B