UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.  10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually

      Plaintiff,

vs.

STAR CAPTIAL FUND, LLC, a Florida
Limited Liability Company and
LEON GOLDSTEIN, individually

      Defendants.
_____/
VERNAL USA, INC., a California Corp,

      Intervening Plaintiff,

vs.

PALADIN SHIPPING CO., LTD,
a foreign corporation and
ANATOLIY CHABAN, an individual,

      Defendants.
_____/

**DEFENDANTS PALADIN SHIPPING CO. LTD AND ANATOLIY CHABAN'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR <u>DECLARATORY JUDGMENT AND COUNTERCLAIM</u>**

Defendants Paladin Shipping Co., Ltd. (Paladin") and Anatoliy Chaban ("Chaban") ("collectively Defendants") answers Vernal USA, Inc.'s ("Vernal") Complaint for Declaratory Judgment ("Complaint") as follows:

CASE NO. 10-CV-21612 ALTONAGA-BROWN

## **PARTIES AND JURISDICTION**

1. Admitted for jurisdictional purposes only.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

## **GENERAL ALLEGATIONS**

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. Denied.

15. Without knowledge.

16. Denied.

## **COUNT I-DECLARATORY JUDGMENT**

17. Defendants re-allege their responses to Paragraphs 1-16 above.

18. Admitted for jurisdictional purposes only.

19. Admitted.

2

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

WHEREFORE, Defendants request that this Honorable Court deny the relief sought by Plaintiff.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Paladin Judgment Lien Certificate has priority over the Vernal Judgment Lien Certificate because the correction of the post-judgment interest rate in the Supplemental Final Judgment was a clerical correction made pursuant to Rule 60(a) of the *Federal Rules of Civil Procedure*. Thus, the 28 day time for rehearing did not start anew.

### Second Affirmative Defense

2. As more fully alleged in the Counterclaim below, the Vernal Judgment Lien Certificate is based on a voidable Final Judgment procured by fraud and collusion between the parties to the judgment.

### Third Affirmative Defense

3. As more fully alleged in the Counterclaim below, the Vernal Judgment Lien Certificate is based on a voidable Final Judgment where the subject promissory note was never tendered to the court nor an explanation for its loss provided. "Under Florida law, a promissory note is a negotiable instrument. *See Perry v. Fairbanks Capital Corp.*, 888

3

So.2d 725, 726 (Fla. 5th DCA 2004). A party suing on a promissory note, whether on the note itself or together with a claim to foreclose on a mort-gage securing the note, must therefore be in possession of the original of the note or reestablish the note pursuant to Fla. Stat. § 673.3091. A party may reestablish the Note and thereby enforce it by "providing a sworn affidavit claiming that [the party] was in possession of the note and was entitled to enforce it when the loss of possession occurred; the loss of the note was not the result of a transfer or lawful seizure; and [the bank] cannot reasonably obtain possession of the note because of the loss." *Cherry v. Chase Manhattan Mortg. Corp.*, 190 F. Supp 2d 1330, 1335 (M.D.Fla.2002)." *BB&T Company v. S&S Development, Inc.*, 2014 WL 2215703 *2 (M.D. Fla. 2015).

## Counterclaim

Counter-Plaintiffs, Paladin Shipping Co., Ltd and Anotoliy Chaban sues Counter-Defendant, Vernal USA, Inc. and alleges as follows:

1. This is a compulsory counterclaim for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to declare void the judgment Vernal seek to enforce because it was obtained by fraud and collusion.

2. Counter-Plaintiff Paladin is a corporation organized under the laws of Belize.

3. Counter-Plaintiff Chaban is an individual over the age of 18, otherwise *sui juris*, residing in the Ukraine.

4. Counter-Defendant Vernal is a corporation organized under the laws of California.

4

5. Counter-Plaintiffs have obtained a judgment against Leon Goldstein in the amount of $1,055,572.72 in January 2014.

6. Vernal claims that North Star Maritime, Inc. ("North Star") loaned Goldstein money, but Goldstein did not repay it.

7. Vernal claims that on August 26, 2013, North Star obtained a $3,054,540.05 judgment against Goldstein as part of a foreclosure of a security interest. (the "State Court Judgment")

8. That alleged judgment was obtained in Miami Dade County, case Number 13-26657 CA 01, styled *North Star Maritime, Inc. v. Pinnacle Three Corporation and Leon Goldstein.* (the "State Court Action"). A copy of the Complaint in the State Court Action is attached hereto as Exhibit "A" ("State Court Complaint").

9. The State Court Action and security interest were based upon a promissory note allegedly executed on March 1, 2007. The parties obligated under the note and security agreement were Leon Goldstein and Pinnacle Three Corp., a Florida Corporation ("Pinnacle FL").

10. Pinnacle FL was not formed at the time the parties entered into the Loan Agreement. Pinnacle Three FL was first formed January 31, 2008. North Star is owned and controlled by Leon Goldstein's close friend, Oleksandr Yelizarov.

11. At all times, Pinnacle Three FL held no assets. Rather, on August 22, 2012 Leon Goldstein first transferred all the assets in Pinnacle IL to Pinnacle FL. Thus, at the time Vernal alleges the security interest came into place, the security interest was against a corporation that didn't exist and had no assets.

5

12. In 2012, Pinnacle Three FL attempted to have the transfer of assets to Pinnacle Three FL backdated to December 31, 2008 or January 1, 2009. Thus, the earliest date that Pinnacle FL had assets was either December 31, 2008 or January 1, 2009.

13. On January 24, 2013 this Court entered its Supplemental Final Judgment for $1,055,572.72 against Leon Goldstein.

14. On February 20, 2013 North Star first recorded a lien relating to loan made to Goldstein and Pinnacle Three, even though the alleged security agreement was purportedly in place as early as 2007.

15. Prior to filing the State Court Complaint, North Star Maritime attempted to intervene in this action and sought to enforce the same note and security interest that was foreclosed in the State Court Action. When that strategy failed, North Star filed the State Court Action.

16. The State Court Action was filed on August 14, 2013. 12 days later, Goldstein and Pinnacle Three Florida stipulated to a final judgment, entered on August 26, 2013.

17. The original promissory note and security agreement were never filed in the State Court Action for cancelation and the impleaded defendants in this case refuse to produce it as part of discovery for forensic testing.

18. North Star's judgment has been assigned to Vernal, who now stands in the shoes of North Star as assignee.

PHILLIPS, CANTOR, SHALEK, RUBIN & PFISTER, P.A., TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

19. The final judgment of North Star/Vernal is based on fraud and collusion and failure of condition precedent regarding presentation of the promissory note to the court that entered the judgment.

20. Counter-Plaintiffs, though strangers to the State Court Action may attack it as voidable because enforcement of the judgment adversely affects their substantial rights.

21. All conditions precedent to the filing of this counterclaim have occurred, or otherwise been waived or excused.

22. Counter-Plaintiffs have agreed to pay their attorneys' a reasonable fee for their services in this matter.

23. An actual case and controversy exists between the parties that may be adjudicated by this Court. Indeed, there is a substantial controversy between Counter-Plaintiffs and Counter-Defendant of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24. Counter-Defendant has taken the position that its judgment lien certificate gives it priority over Counter-Plaintiffs as to Goldstein's personal property.

25. Counter-Plaintiffs' position is that they have priority over Counter-Defendants as to Goldstein's personal property, including Goldstein's interest in the impleaded corporate entities.

26. Specifically, Counter-Plaintiffs assert that Counter-Defendants' judgment lien certificate is void and of no effect as it is based on a voidable final judgment obtained through fraud and collusion between the parties to the judgment who 1)

7

CASE NO. 10-CV-21612 ALTONAGA-BROWN

intended a fraud on the state court and 2) intended a fraud on Counter-Plaintiffs, as creditors of Goldstein, the defendant to the voidable fraudulent judgment.

WHEREFORE, Counter-Plaintiffs, requests that this Honorable Court enter a Judgment:

A. Declaring that Counter-Defendant's state court judgment upon which its judgment lien certificate is based is void and of no effect

B. That Counter-Plaintiffs have priority over Counter-Defendants as to all of Goldstein's personal property, including his interest in the Goldstein corporations; and

C. Granting such other and further relief as this Court deems just and proper.

PHILLIPS, CANTOR, SHALEK, RUBIN & PFISTER, P.A.
Attorneys for Intervening Defendants
4000 Hollywood Boulevard, Suite 500-North
Hollywood, FL  33021
Telephone: (954) 966-1820
Facsimile: (954) 414-9309

By:  s/ Jeffrey B. Shalek
     Gary S. Phillips
     Florida Bar No. 339814
     gphillips@phillipslawyers.com
     Jeffrey B. Shalek
     Florida Bar No. 996221
     jshalek@phillipslawyers.com

8

CASE NO. 10-CV-21612 ALTONAGA-BROWN

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 22, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served this day on: Francis X Sexton, Jr., Esq., FOWLER RODRIGUEZ VALDES-FAULI, Suite 801, 355 Alhambra Circle, Coral Gables, Florida 33134 and Michael Sayre Esq. either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Filing.

        s/ Jeffrey B. Shalek
        Jeffrey B. Shalek

PHILLIPS, CANTOR, SHALEK, RUBIN & PFISTER, P.A., TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021