```
 1                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF FLORIDA
 2                      MIAMI DIVISION

 3            Case No. 10-CV-21612-ALTONAGA/SULLIVAN

 4  PALADIN SHIPPING CO., LTD.,
    a Foreign Corporation,
 5  et al.,

 6                  Plaintiff,

 7  vs.                                    MIAMI, FLORIDA,
                                           OCTOBER 28, 2014
 8

 9  STAR CAPITAL FUND, LLC.,
    a Florida Limited Liability
10  Company and LEON GOLDSTEIN,

11

12                  Defendants.

13

14         EXCERPT OF DISCOVERY HEARING TRANSCRIPT
            BEFORE THE HONORABLE JOHN J. O'SULLIVAN,
15              UNITED STATES MAGISTRATE JUDGE

16
    APPEARANCES:
17

18
    FOR THE PLAINTIFF:
19

20                          PHILLIPS, CANTOR & SHALEK, P.A.
                            Suite 300 North
21                          Hollywood, Florida 33021
                            BY: JEFFREY B. SHALEK, ESQ.
22

23

24
    REPORTED BY:            JERALD M. MEYERS, RPR.
25  TELEPHONE:              954-431-4757
```

```
 1

 2

 3

 4   PRESENT FOR THE IMPLEADED PARTIES:

 5

 6

 7

 8                             TOBIN & REYES, P.A.
                              225 N.E. Mizner Boulevard
 9                            Suite 510
                              Boca Raton, Florida 33432
10                            BY: RICARDO A. REYES, ESQ.

11

12

13

14                            HELLER & WALDMAN
                              3250 Mary Street
15                            Suite 102
                              Coconut Grove, Florida 33131
16                            BY: JASON GORDON, ESQ.

17

18

19

20

21
     REPORTED BY:             JERALD M. MEYERS, RPR.
22                            J.M. COURT REPORTING, INC.
                              1601 N.W. 109TH TERRACE
23                            Pembroke Pines, FL 33026-2717
                              Telephone: 954-431-4757
24                            E-Mail Address: CRJM@AOL.COM

25
```

```
 1  (Call to order of the Court)

 2          THE COURT:  All right.  That brings us to the second

 3  matter which is North Star's renewed motion for reconsideration

 4  of -- by the way, I am not a general magistrate or a magistrate

 5  judge, just so you know for the future.

 6          MR. GORDON:  I am sorry, Your Honor.

 7          THE COURT:  You keep referring to me as a general

 8  magistrate.  That's a completely different item.

 9          MR. GORDON:  I am sorry about that, Your Honor.

10          THE COURT:  So, anyhow, a renewed objection to request

11  production of subpoenas to Michael Kevitz, Esq., records

12  custodian of Capital Bank and Tony Soleah, records custodian of

13  Chase Bank.

14          All right.  Do you want to be heard on that?

15          MR. GORDON:  Thank you, Your Honor.  Again, Jason

16  Gordon on behalf of the impleaded defendant, North Star

17  Maritime Miami, LLC.

18          Your Honor, the basis for our renewed motion for

19  reconsideration is very simple.  It just relates to the basis

20  for denial of what was our renewed objection on discovery which

21  was not ruled upon by Your Honor on any substantive grounds,

22  but was on the basis of Your Honor's belief at the hearing that

23  there was a prior discovery hearing on August 21st.

24          There was a hearing before that on July 1st to which

25  Your Honor denied our original objection.  We took an exception
```

1    to Judge Altonaga, and that was denied on July 16th.

2           THE COURT:  Right.

3           MR. GORDON:  And the understanding from the hearing,

4    and I have some pages from the transcript I can cite Your

5    Honor.  but essentially --

6           THE COURT:  I have the transcript here.

7           MR. GORDON:  Okay.

8           THE COURT:  Because I read your motion.

9           MR. GORDON:  Okay.

10          THE COURT:  And I read the transcript, and that was

11   not the only reason.  In other words, that was one of

12   the reasons.

13          The stated reason was because it was more than 30

14   days, and then there was a further explanation by me because

15   there was actually about the 35th day or so there was an actual

16   informal discovery conference where it could have been

17   addressed, and I understand that you indicate in your papers

18   that you tried to address it or you suggested to address it and

19   you didn't.  Somebody was not available from the other side,

20   and you agreed not to address it that day.

21          MR. GORDON:  Correct.  And, Your Honor, I didn't mean

22   to rehash it.  I assumed you read it.  So that's correct.

23          Essentially Mr. Shalek had contacted us a few days

24   before.  He had a conflict.  We were discussing what action was

25   being heard.

1          There was a little bit of confusion because on August

2     8th the hearing had gotten set, which there was no motion

3     pending.  We thought it was based on Judge Altonaga's order on

4     the exception where she said, "If you want to go and have this

5     re-heard, go ahead."

6          So Mr. Shalek and I had discussed it, and he indicated

7     that he contacted your chambers, and only Mr. Reyes' motion was

8     being heard.  We thought it was ours.

9          So in the end he said, "Look, I am not available.

10    Will you agree not to go forward on August 21st?"

11         We said, "Of course.  Not a problem."

12         THE COURT:  Okay.

13         MR. GORDON:  So that's ultimately what had occurred.

14    So it appeared from the transcript Your Honor was

15    understandably bothered by the fact that you felt that a

16    substantial period of time had gone by, 90 days within which we

17    could have had this heard.

18         There was a brief closing of the case for the pending

19    appeal.  So understandably Your Honor said, "You waited too

20    long.  You should have had this heard on August 21st."

21         So we were just noting in our motion, in the renewed

22    motion for reconsideration that based on our trying to

23    accommodate Mr. Shalek, and this was not brought forth at the

24    hearing on October 14th, that we couldn't have gone forward on

25    August 21st.  We were trying to be reasonable counsel and say,

1    "if you cannot be there, so be it."

2          So as Mr. Sayre, who was here on behalf of our firm

3    last time, normally I am the one who is present for this group

4    of defendants, Mr. Sayre indicated the basis for our

5    substantive objections, and we want to get those heard.

6          Judge Altonaga had said, "If you want to go back and

7    have this re-heard, go do it."

8          We just want the substantively heard so that we can

9    deal with it appropriately, and if we have to go from there, we

10   will.  We did not want it to be denied simply on the basis of

11   Your Honor feeling again, understandably, if you waited 90

12   days, that's too long.  We just wanted to bring it to Your

13   Honor's attention we couldn't have gone forward on August 21st.

14         That is the hearing date you referred to in the

15   transcript.  That's the one that seemed to be the issue and,

16   therefore, we were just asking that we wanted to bring this to

17   the court's attention and ask that this be properly heard on

18   the substance and not just on the basis of what was the

19   understanding that we should have gone forward on August 21st.

20         THE COURT:  All right.

21         MR. GORDON:  So thank you, Your Honor.

22         THE COURT:  By the way, I was under the impression

23   that I heard this on the substance to start with, you know,

24   some months ago, but putting that aside, I agree that Judge

25   Altonaga indicated to refitting that you could come back here.

1          MR. GORDON:  Correct.

2          THE COURT:  I am not sure.  It has been a while since

3   I read your original objection, and I don't remember if you

4   said that I didn't consider certain things or you didn't tell

5   me certain things of which it was, but, anyhow, what do you

6   say, Mr. Shalek?

7          MR. SHALEK:  Your Honor, Jeffrey Shalek on behalf of

8   the plaintiffs.  Your Honor has a very good recollection of

9   what went on.

10         This discovery was served back in April of 2014.

11  Objections were filed.  They were heard by Your Honor on July

12  1st.

13         Your Honor entered an order denying the objections and

14  ordered them to produce the discovery.  They took exceptions to

15  that.

16         Judge Altonaga ordered that or denied those

17  exceptions, explaining, "You didn't even provide me a proper

18  record.  You made new arguments.  You didn't provide me with a

19  transcript," and she issued what I considered at the time to be

20  a cryptic order that didn't make procedural sense to me.

21         Why would she tell them to file more memorandums of

22  law and re-issue and re-argue the same issue when they already

23  filed an original memorandum of law.

24         It seemed to me what the judge was telling them to do

25  was to get the transcript and put it properly in front of her,

1  and Your Honor said, "Yes, I agree with you that it is probably

2  what should have happened," but yet Judge Altonaga had this one

3  sentence in her order that said, you know, "File a memorandum

4  in front of the magistrate."

5          So let's take a look at exactly what happened.  The

6  exceptions were denied on July 26th, docket entry 366.  On

7  August 8th --

8          THE COURT:  Wait.  Say it again.  What date are you

9  talking about now?

10          MR. SHALEK:  On July 16th, docket entry 366, Judge

11  Altonaga denied the exceptions.

12          THE COURT:  Right.

13          MR. SHALEK:  And entered that order.

14          THE COURT:  Okay.  I have got it.  I thought you said

15  July 26th.

16          MR. SHALEK:  No.  I am sorry, and I believe then it is

17  docket entry 375 on August 8th.  It is not a motion, or

18  anything.

19          I think that the court put up a minute entry saying

20  that, "There will be a discovery conference on August 21st."

21          The reason that occurred is if you go back to

22  Mr. Reyes' time line, Mr. Reyes partner, Stefanie Kelly that is

23  here today --

24          MR. REYES:  Shelley.

25          MR. SHALEK:  I am sorry.  Shelley.  Called the court

1    and said, "We need time for our discovery."

2         You gave her that date and made a minute entry, docket

3    entry 376.  On August 12th, Mr. Reyes' office noticed the

4    hearing for the 21st.  They called and got the time.

5         THE COURT:  Right.

6         MR. SHALEK:  So there is no confusion about what was

7    going to be heard.  Despite that the fact that on July 16th

8    Judge Altonaga entered her order denying the exceptions and

9    told them to file a memorandum, Mr. Gordon's office didn't

10   actually file a memorandum until 3 days before the informal

11   discovery conference on August 18th, and that's docket entry

12   377.

13        When I saw that the following day, that is what

14   prompted me to call Mr. Gordon's office and say, "Hey, you

15   know, what is going on with this?"

16        By the way, that 377 was entered more than 30 days

17   after the July 16th order, and it appeared to me that what he

18   might be doing is giving me very short notice to prepare for

19   this discovery conference to see if he could squeeze it on for

20   the 21st.

21        So I personally called your chambers and spoke with

22   your clerk and asked, "What is it that Judge O'Sullivan is

23   going to be hearing?"  She told me that the only thing on for

24   that day was Mr. Reyes' motion that was noticed at 376.

25        THE COURT:  Right.

1          MR. SHALEK:  And I said, Fine."  I called Mr. Gordon,

2    and it was fine with he because I did have a conflicting

3    schedule on the 21st, and if it was on only Mr. Reyes' motion

4    that was being heard, there was no need for me to come

5    personally, and I sent my partner Lawrence Fuda to that hearing

6    just to watch the proceedings.

7          I did call Mr. Gordon's office, and I did say to

8    Mr. Gordon, "Hey, I just want to make certain.  I can't be

9    there, that you have no intentions to hear this motion that you

10   filed 3 days ago on the 21st.  You need to notice that motion

11   yourself so that I can be there to argue it," and he agreed

12   with me that, yes, the motion was not timely for the 21st, and

13   he would not attempt to have those matters heard at all.

14         So this portrait that he tries to make of me somehow

15   misleading the court as to what happened on the 21s is 100

16   percent not true, despite the fact that he filed his motion on

17   August 18th, and despite the fact that there was only 8 days

18   that this matter was stayed as a result of an appeal, he still

19   waited another 30 or 40 days to notice this.

20         THE COURT:  Why do you say 8 days?

21         MR. SHALEK:  I believe that we filed the appeal on one

22   day, and I don't have the time line with me.

23         THE COURT:  Well, I have a notice of appeal filed on

24   August 22nd.

25         MR. SHALEK:  So what was it, 14 days?

```
1          THE COURT:  Wait a second.  Let me finish and then you
2   can tell me.  The case was closed the same day.
3          The matter was stayed until the conclusion of the
4   appeal.  There was actually some other stuff going on regarding
5   a motion to dismiss which seems kind of unusual, but it wasn't
6   until September 12th that the appeal was dismissed by the
7   United States Court of Appeals.
8          So that's when it was docketed.  It was September
9   12th.  Well, it actually it says effective September 12th.  So
10  it was actually, I think it has 20 days if I am not mistaken.
11         MR. SHALEK:  But, nonetheless, the reason it got
12  closed is because what we did is we went back to Judge
13  Altonaga, and we were not certain whether or not her order was
14  final.  So we asked her to give us a Rule 54 certification, and
15  Judge Altonaga then denied our motion for a 54 certification
16  and instead she reversed her own order and entered a new order
17  making it clear that it was not final and not appealable.
18         THE COURT:  Okay.
19         MR. SHALEK:  So that is what happened, but in the
20  meantime there was still no discovery.  This was going back
21  for, you know, 6 months now we have asked for this discovery.
22  We cannot get it.
23         As Your Honor well knows, Mr. Goldstein's friend
24  Mr. Yelizarov is receiving $40,000 a month in the meantime for
25  Mr. Reyes' client.  That money should be used to pay off my
```

1   client's $1,000,000 judgment.

2          We have filed counterclaims.  We have asserted a

3   declaratory judgment action for fraud as they have asked us to

4   do, and in the last year or so they have been able to collect

5   over $400,000 from Mr. Reyes' client that we can't get a hold

6   on.  Why?  Because they are setting forth a pattern of conduct

7   to delay discovery.

8          That's all that this is about and, you know, the

9   reasoning in here for the motion for reconsideration the fact

10  that I was not available on the 21st it doesn't follow

11  logically the facts of what happened.

12         The 16th was the exception.  Mr. Reyes' noticed his

13  motion for the 21st.  They didn't even file a renewed motion

14  until August 18th.  How could they expect that to be heard on

15  the 21st?

16         THE COURT:  Okay.

17         MR. SHALEK:  Okay.  So I mean I disagree with the

18  factual grounds that they have set forth.

19         Your Honor's intuition and understanding of this case

20  is 100 percent correct.  They have delayed.  They have delayed.

21         We have already heard the motion on the objections

22  once.  Your Honor has already overruled the objections.  That

23  was back on July 1st, and they are very successfully delaying

24  this discovery, you know, because the next hearing before this

25  court might not be until Thanksgiving.

1       That is what is going on here, Your Honor, and I don't

2   condone it.  I don't litigate that way by delay, but the

3   purpose for the delay is very clear.

4       Mr. Goldstein won't respond to discovery.  The

5   assignor of Mr. Goldstein's assets, and that's who Mr. Gordon

6   represents, will not respond to discovery, objections to any

7   subpoena that we send out.

8       Mr. Reyes has the same problem getting discovery in a

9   state court action that is going on, and this is a game, and I

10  don't appreciate it now.

11      THE COURT:  Well, I mean they probably are about to be

12  playing into their hand if you think it is a game because the

13  issue, if I persist in my ruling that they did not bring this

14  matter to the attention of the court within 30 days as required

15  by the local rules, then I assume what they are going to do is

16  they are going to take or file an objection of that with Judge

17  Altonaga, and then you are going to have to brief that.

18      If you are correct, then you are good because then you

19  are going to get your discovery.  If you are not good, then

20  what is going to happen is she is going to overrule that and

21  say, "Go back and address it substantively" as she did in her

22  July 16th order.

23      MR. SHALEK:  And then you will rule substantively.

24  You will overrule the objections again, and then they will take

25  more exceptions to that, and then either way it is not going to

1    be until 2015, if they have their way, until I see a piece of

2    paper in response to discovery that I served in April, and that

3    is the way this case is going ahead.

4         THE COURT:  Well, I know, but I am just saying that's

5    where we are in this thing.

6         MR. SHALEK:  Right.  So I mean I think that the better

7    thing to do, I think that Judge Altonaga will support Your

8    Honor's ruling if that is what it is.

9         I think that you have already ruled once on the

10   objections.  They have waited too long to file their motion for

11   renewed objections, just on that ground alone that the

12   exception order was the 16th, and they didn't file their

13   renewed objections until the 18th of the following month.

14         THE COURT:  Okay.

15         MR. GORDON:  Your Honor, can I reply briefly?

16         THE COURT:  Yes.  Sure.

17         MR. GORDON:  Thank you, Your Honor.

18         I wasn't aware that I am not allowed to go forth under

19   the Rules of Civil Procedure, and if I want to take an

20   exception, that if I do so that means I am delaying and I am

21   acting improperly.

22         I wasn't aware that if there was a hearing on October

23   14th and counsel forgot, as I made very clear in our papers, I

24   did nothing to say that Mr. Shalek acted improperly.  To the

25   contrary.

1    I said I gave him every benefit of the doubt.  He may

2 simply have forgotten sitting here on October 14th that he

3 asked us not to go forward on August 21st.

4    THE COURT:  October 14th?

5    MR. GORDON:  The hearing where Your Honor denied our

6 renewed objections on the discovery from which we have taken

7 this motion for reconsideration because you found our

8 objections to be untimely.

9    THE COURT:  And what are you saying about that

10 hearing?  I am sorry.

11    MR. GORDON:  At that hearing, that's where Your Honor

12 found it untimely.

13    THE COURT:  Yes.

14    MR. GORDON:  What we said was at that hearing

15 Mr. Shalek did not notify the Court, oh, by the way, I had

16 asked them not to proceed on August 21st.  They couldn't have

17 heard it heard then.  Your Honor, from the transcript --

18    THE COURT:  Well, I mean how could you proceed?  You

19 never filed anything with the court saying, in other words, the

20 way he tells it is it was never set for August 21st.

21    On August 18th he read your memo and he called you up

22 and said, "I just want to make sure that you don't plan on

23 sticking this on to Mr. Reyes' notice," and you agreed.  "No, I

24 am not," you know.

25    MR. GORDON:  When we saw the docket entry on August

1  8th, from our understanding there was nothing pending.  We were

2  not aware apparently as I am hearing --

3        THE COURT:  I am not sure if August 8th is, just so we

4  are clear --

5        MR. GORDON:  Sure, Your Honor.

6        THE COURT:  August 18th?

7        MR. GORDON:  No.  On August 8th there was the docket

8  entry for the discovery hearing.

9        THE COURT:  Oh, okay.  I am sorry.

10       MR. GORDON:  I'm sorry.

11       THE COURT:  All right.  That's correct.  That's for

12  the discovery hearing that is set for August 21st.

13       MR. GORDON:  Correct.  We were not aware that

14  Mr. Reyes' office had called and he requested about something

15  they had.

16       We thought that was in response to Judge Altonaga

17  saying, "On the exception, if you want, go back and do this

18  again."

19       If we had a misunderstanding, Your Honor, frankly,

20  okay, shame on us.  That is what we thought had happened.  Out

21  of nowhere the discovery hearing got set.

22       So we thought this was on our renewed objection.  We

23  were going to be filing, and we filed it.

24       If we had filed it August 15th, August 12th,

25  Mr. Shalek had a conflict, we still were not going forward on

1    August 21st.

2           The issue is not that it was filed on August 18th as

3    he is trying to make this out to be.  It was that he simply was

4    not available.

5           We are being told we should be penalized for

6    accommodating counsel who said, "I can't be there.  I want to

7    be the attorney to argue it," not someone else in my office.

8           "Will you agree that you are not going to go forward

9    this," because we didn't intend to.

10          We said, "Not a problem."

11          So I am not aware that I should be penalized because

12   of the fact that I accommodated counsel and I am delaying

13   accommodating his schedule and the fact that we rightly took an

14   exception, and Judge Altonaga said, and Your Honor agreed at

15   the last hearing reading her order.

16          She said, "Go back and do this again and get a

17   ruling."

18          Your Honor had mentioned you thought you had ruled on

19   it substantively before.  What happened then, correct, Your

20   Honor, part of it was we wanted the particular request to be

21   addressed because part of this is, is that proper discovery

22   under Rule 69 for trying to collect assets of Mr. Goldstein, we

23   felt it wasn't.

24          We felt a number of those requests have no relation to

25   that.  So we wanted to address those things substantively.

1          So Judge Altonaga said we could.  So that is what we

2    tried to do, and if this was heard August 21st, we either would

3    have had a ruling, which if we took an exception, so be it, or

4    if Your Honor upheld some of our objections, that would have

5    been that, but we could not go forward to accommodate counsel.

6          We should not be penalized and not allowed to have a

7    substantive objection heard which Judge Altonaga said we could

8    do because we tried to be accommodating.

9          That is what Mr. Shalek is arguing, and the

10   implications and the pointing of the fingers at us for delaying

11   it and everything else, again, I am entitled to go forth under

12   the rules of civil procedure.

13         They allow me to take an exception.  They require me

14   to accommodate counsel and to try and work with him.  That is

15   what we did.

16         So, Your Honor, all we are asking is let us have this

17   addressed substantively.  Have the hearing and let us go forth

18   and have the objections heard.

19         Then if Your Honor rules however it may be, if you

20   deny it, then we will deal with it.  If you uphold something,

21   we will deal with it, but that's all that we are asking to do.

22   And as Your Honor said, I am reading from the transcript.

23         You said here in the interim on page 22, line 25 --

24         THE COURT:  This is the transcript of when?

25         MR. GORDON:  Of the hearing.

```
 1          THE COURT:  On October 14th?

 2          MR. GORDON:  Yes.  October 14th, and there is a number

 3  of them, but you said on the bottom there at 25, page 22, "Yes,

 4  but in the interim you also had more than 30 days.  We had a

 5  discovery hearing in the interim period, the August 21st, as

 6  well where this could have been addressed with the court, and

 7  it wasn't.

 8          So I find that you have waived any kind of objection.

 9  I am going to order the documents to be produced within a

10  week," and that was what Your Honor said is the ruling, and

11  what was the basis of this hearing on August 21st.

12          THE COURT:  Not the only basis.  I think if you read

13  the rest of this transcript, you will see that there was

14  additional bases for that, but go ahead.

15          I mean, the basis was that you spent more than 30

16  days, and that was not the only evidence of it being more than

17  30 days.

18          MR. GORDON:  Understood.

19          THE COURT:  All right.

20          MR. GORDON:  Understood, but Your Honor, though, a

21  number of portions from pages 18 to 23 were concerned by this

22  delay, and I am just pointing out the number of times.

23          THE COURT:  Okay.  I agree with you.

24          MR. GORDON:  So we just want it heard, and we think

25  that we should have the ability to do that.
```

1          Thank you, Your Honor.

2          THE COURT:  Okay.  All right.  I am going to persist

3    in my prior ruling, and I find that the request to have it

4    heard is untimely, and that Judge Altonaga issued her order on

5    July 16th under local Rule 26.(1)(h)(1).

6          It requires that any discovery matters to be brought

7    to the court's attention begin 30 days of the occurrence of

8    grounds for the motion, and there was not even a motion or a

9    memorandum filed within 30 days.

10         The memorandum was filed on the 18th which I think is

11   33 days.  I think it is 33, but it could be 32, but at any

12   rate, it is more than 30 days.  So you were out of time by

13   then.

14         In addition, there is an entry on the docket which

15   actually does not have a number that falls between 374 and 375

16   which is simply a random type entry by my courtroom deputy

17   which indicates that we reserved that time for a discovery

18   hearing, and 3 days later or 4 days later Mr. Reyes filed his

19   notice of that discovery hearing.

20         So it is plain to me that we got a call, and correct

21   me if I am wrong, Mr. Reyes, that we got a call, not me, but my

22   clerks on or about August 8th where a time was asked for, and

23   we get a time.

24         We give them the time, and then they are to file a

25   notice, and they filed a notice within a few days.

1          MR. REYES:  We did request that hearing, Your Honor.

2     Yes on the 8th.

3          THE COURT:  And so there is no indication that I will

4     call you the North Star folks requested a hearing, and it has

5     been explained by Mr. Shalek, and I think by you that after

6     that, after your memo was filed, Mr. Shalek contacted you just

7     to insure that you were not trying to go and pin this onto

8     Mr. Reyes' hearing, but there is no indication that it was ever

9     set for that hearing.  Even if it had been set for that

10    hearing, it still would have been out of time.

11          In addition, let's see, on August 22nd the case was

12    closed, and it was reopened, according to my calculations, on

13    September 12th which I believe was 20 days, if I am not

14    mistaken.

15          So before that there was 37 days that had expired.

16    After that, and given the North Star folks the benefit of the

17    computation, on September 12th the case was reinstated which

18    means the stay was lifted because the stay indicated it was a

19    stay pending the outcome of the Court of appeals, and once they

20    indicated on September 12th that, let me see exactly what they

21    said.

22          They dismissed it.  There was an order of dismissal

23    from the Court of Appeals, and that started the clock running

24    again.

25          Although we didn't have the discovery hearing until

1   October 14th, it was actually set on September 22nd, and I

2   don't know the reason for that, but the way I interpret this 30

3   days is to contact us within 30 days because you cannot always

4   get either the parties together, or perhaps I didn't have time

5   for 3 weeks.

6          Generally, I can get you in in the next week, but

7   sometimes it takes some more time where all of lawyers are not

8   available.  So I am not holding it against you the time from

9   September 22nd to October 14th because I think that would be

10  unfair, but there is another 10 days in there which is a total

11  of approximately 47 days.

12         It could be that I am off one day here or there one

13  way or the other.  So that is my ruling, that because you

14  waited that long that you have waived your ability to

15  re-address that matter, and I am going to order that you once

16  again provide the documents within one week of today's date.

17         However, do you plan on taking an exception to this or

18  to appeal me with an objection or whatever you want to call it?

19         MR. GORDON:  Your Honor, I would like to confer with

20  our client and see what they want to do.  It is possible we

21  will, but I would like to see how they want to proceed at this

22  point.

23         THE COURT:  Okay.  But what I am going to do, just to

24  save you the paper of having to then file, either provide the

25  records within one week or you notify them within 3 business

1  days of whether you are taking an exception.

2         MR. GORDON:  Will do, Your Honor.

3         THE COURT:  And if you do take an exception, I am

4  going to stay their order because it is clear to me that Judge

5  Altonaga in staying these orders would do it regularly, anyway,

6  so there is no point in filling up the docket with another

7  motion to stay it at this point.

8         MR. GORDON:  Thank you, Your Honor.

9         THE COURT:  But you are going to, and I am not even

10 sure, but I think there is a rule on how long you have to file

11 your objections with her.  I don't know what it is, to tell you

12 the truth.

13        MR. GORDON:  Your Honor, it is 14 days technically

14 from the time that she issued her, I think from the original

15 what we calendared today technically from your prior order

16 would be the 14 days on the exception.

17        The question is whether with our motion for

18 consideration that would ultimately toll it.  It is an

19 interesting procedural issue that we were not quite sure.

20        THE COURT:  Yes.  Well, I think it would toll it.

21 Where is the 14 days?  Is that in the local rules?  Is that in

22 the civil rules?

23        MR. GORDON:  The local rules.

24        THE COURT:  If you are going to file something, I want

25 you to notify them within 3 days.

```
 1              MR. GORDON:  Will do.
 2              THE COURT:  And then you will have 14 days from today.
 3    Two weeks from today to file that with Judge Altonaga.
 4              MR. GORDON:  Understood, Your Honor.
 5              THE COURT:  Or you can file it sooner.
 6              MR. GORDON:  We will.  We are not going to wait if we
 7    are going to file it, Your Honor.
 8              THE COURT:  Okay.
 9              MR. GORDON:  Thank you.
10              THE COURT:  All right.  What else can we talk about on
11    this Paladin case?  Anything.  This is becoming like a weekly
12    affair with us.  Hopefully you can resolve these matters and
13    move on.
14              All right.  Good seeing you all.  Have a good night
15    and a good day.
16              MR. GORDON:  Thank you, Your Honor.
17              MR. SHALEK:  Thank you, Your Honor.
18              THE COURT:  Court is in recess.  If you file an
19    objection, you need to make sure that you provide a copy of the
20    transcript here today so that she can see what my reasoning is.
21              MR. GORDON:  We will do so.
22              THE COURT:  Okay.
23              MR. GORDON:  Yes.  Thank you, Your Honor.
24              (Whereupon the proceedings were concluded)
25
```

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



1

2                    C E R T I F I C A T E

3          I hereby certify that the foregoing is an accurate

4   transcription of proceedings in the above-entitled matter.

5
    NOVEMBER 3, 2014           S/JERALD M. MEYERS
6   _____           _____
        DATE                   JERALD M. MEYERS, RPR-CM
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25