UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 10-CV-21612 CMA/ALTONAGA-BROWN

PALADIN SHIPPING CO. LTD.
A Foreign corporation, and
ANATOLIY CHABAN, individually

  Plaintiff,

vs.

STAR CAPTIAL FUND, LLC, a Florida
Limited Liability Company and
LEON GOLDSTEIN, individually

  Defendants.
_____/
VERNAL USA, INC., a California Corp,

  Intervening Plaintiff,

vs.

PALADIN SHIPPING CO., LTD,
a foreign corporation and
ANATOLIY CHABAN, an individual,

  Defendants.
_____/

**DEFENDANTS PALADIN SHIPPING CO. LTD AND ANATOLIY CHABAN'S
<u>AMENDED COUNTERCLAIM FOR DECLARATORY JUDGMENT</u>**

  Counter-Plaintiffs, Paladin Shipping Co., Ltd and Anatoliy Chaban sues Counter-

Defendant, Vernal USA, Inc. and alleges as follows:

CASE NO. 10-CV-21612 ALTONAGA-BROWN

## JURISDICTION, VENUE AND PARTIES

1.  This is a compulsory counterclaim for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to declare void the judgment Vernal seek to enforce because it was obtained by fraud and collusion.

2.  Counter-Plaintiff Paladin is a corporation organized under the laws of Belize.

3.  Counter-Plaintiff Chaban is an individual over the age of 18, otherwise *sui juris*, residing in the Ukraine.

4.  Counter-Defendant Vernal is a corporation organized under the laws of California.

## GENERAL ALLEGATIONS

5.  On January 24, 2013 this Court entered its $1,055,572.72 Supplemental Final Judgment in favor of Counter-Plaintiffs against Leon Goldstein.

6.  Less than one month later, on February 22, 2013 Vernal's assignor North Star, recorded, for the very first time, an alleged UCC security interest arising out of a purported Loan and Security Agreement ("Loan Agreement") between North Star as lender and Goldstein and Goldstein's alleged company, Pinnacle Three Corporation, a Florida corporation, ("Pinnacle FL") as borrower. A copy of the Loan Agreement is attached hereto as Exhibit "1." The Loan agreement indicates it was executed in 2007.

7.  As part of executing the Loan Agreement, Goldstein also purportedly executed a Mortgage in favor of North Star, securing an interest in real property in Miami-Dade County, Florida owned by Goldstein. Like the Loan Agreement, the

2

Mortgage was dated March 1, 2007 but not recorded in the public records of Miami-Dade County until February 20, 2013, almost six (6) years <u>after</u> its execution—but just seventeen (17) days after entry of the Counter-Plaintiffs Supplemental Final Judgment against Goldstein.

8.  The asserted basis for North Star recording its security interest in February, 2013, was that it loaned Goldstein and Pinnacle FL money in March, 2007, but they did not repay it.

9.  Pinnacle FL did not exist in March, 2007. The corporate entity was not formed until January, 2008.

10. Prior to Counter-Plaintiffs instituting the instant action, Pinnacle FL was nothing more than a shell. Rather, not until Counter-Plaintiffs had already won a money judgment against Goldstein in the instant action, on August 22, 2012 did Leon Goldstein transfer any assets to Pinnacle Fl. On that day, Goldstein transferred all the assets in Pinnacle IL to Pinnacle FL.

11. The transfer was backdated to December 31, 2008 or January 1, 2009. Thus, the earliest date that Pinnacle FL had assets was either December 31, 2008 or January 1, 2009.

12. Upon information and belief no monies ever went from North Star to Goldstein and Pinnacle FL. Rather it was simply a fraudulent scheme concocted to jump Counter-Plaintiff's January, 2013 judgment in priority.

3

13. Prior to filing a complaint in State Court to enforce its Loan Agreement, North Star attempted to intervene in this action to enforce its recorded security interest, which intervention was denied.

14. When that strategy failed, North Star filed a Complaint in Miami Dade County, Case Number 13-26657 CA 01, styled *North Star Maritime, Inc. v. Pinnacle Three Corporation and Leon Goldstein*. (the "State Court Action"). A copy of the Complaint in the State Court Action is attached hereto as Exhibit "A" ("State Court Complaint").

15. The State Court Action, which took all of 12 days from filing to stipulated final judgment, was nothing more than fraud and collusion between Goldstein and North Star (an entity owned and operated by his long-time friend Oleksandr Yelizarov).

16. Specifically, the State Court Complaint was filed on August 14, 2013. Although summonses were issued on August 15, 2013, Goldstein and Pinnacle FL were never personally served, which of course was not necessary because Goldstein, to defraud Counter-Plaintiffs out of their rights under the Supplemental Final Judgment in this action, agreed to a Stipulated Final Judgment for $3,054,540.05, entered 12 days later on August 26, 2013 and recorded as a judgment lien on August 30, 2013.

17. North Star's judgment has been assigned to Vernal, who now stands in the shoes of North Star.

18. The stipulated final judgment of North Star/Vernal is based on fraud, collusion and other misconduct of the parties thereto.

4

19. Specifically, North Star knew there was no basis to record its purported security interest on February 22, 2013 as it had never loaned the money under the Loan Agreement and therefore obtained no secured interest in the property of Goldstein and Pinnacle FL.

20. Similarly Northstar, by the filing of the State Court Complaint, and Northstar, Goldstein (and Pinnacle acting through Goldstein) by entering into the Stipulated Final Judgment fraudulently misrepresented there were legal grounds to support same.

21. In reality, the fraudulent and intentional institution of the State Court Action through to Stipulated Final Judgment was nothing more than a fraud upon the court which caused damage to Counter-Plaintiffs regarding the force and effect of their judgment lien created by the Stipulated Final Judgment herein.

22. Counter-Plaintiffs, though strangers to the State Court Action may attack it as voidable because enforcement of the judgment adversely affects their substantial rights.

23. All conditions precedent to the filing of this counterclaim have occurred, or otherwise been waived or excused.

24. Counter-Plaintiffs have agreed to pay their attorneys' a reasonable fee for their services in this matter.

**COUNT I-DECLARATORY JUDGMENT**

25. Counter-Plaintiffs realleges Paragraphs 1-24, above, as if fully set forth herein.

5

PHILLIPS, CANTOR, SHALEK, RUBIN & PFISTER, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

26. An actual case and controversy exists between the parties that may be adjudicated by this Court. Indeed, there is a substantial controversy between Counter-Plaintiffs and Counter-Defendant of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27. Counter-Defendant has taken the position that its judgment lien certificate gives it priority over Counter-Plaintiffs as to Goldstein's personal property.

28. Counter-Plaintiffs' position is that they have priority over Counter-Defendants as to Goldstein's personal property, including Goldstein's interest in the impleaded corporate entities.

29. Specifically, as outlined above Counter-Defendants' judgment lien certificate is void and of no effect as it is based on a voidable final judgment obtained through fraud, collusion and other misconduct of the parties to the judgment who 1) intended a fraud on the state court and 2) intended a fraud on Counter-Plaintiffs, as creditors of Goldstein, the defendant to the voidable fraudulent judgment.

WHEREFORE, Counter-Plaintiffs, requests that this Honorable Court enter a Judgment:

    A. Declaring that Counter-Defendant's state court judgment upon which its judgment lien certificate is based is void and of no effect

    B. That Counter-Plaintiffs have priority over Counter-Defendants as to all of Goldstein's personal property, including his interest in the Goldstein corporations; and

    C. Granting such other and further relief as this Court deems just and proper.

6

PHILLIPS, CANTOR, SHALEK, RUBIN & PFISTER, P.A.; TEL: (954) 966-1820 FAX: (954) 414-9309
PRESIDENTIAL CIRCLE, 4000 HOLLYWOOD BOULEVARD, SUITE 500-NORTH, HOLLYWOOD, FLORIDA 33021

CASE NO. 10-CV-21612 ALTONAGA-BROWN

PHILLIPS, CANTOR, SHALEK & RUBIN, P.A.
Attorneys for Intervening Defendants
4000 Hollywood Boulevard, Suite 500-North
Hollywood, FL   33021
Telephone: (954) 966-1820
Facsimile: (954) 414-9309


By:   s/ Jeffrey B. Shalek
         Gary S. Phillips
         Florida Bar No. 339814
         gphillips@phillipslawyers.com
         Jeffrey B. Shalek
         Florida Bar No. 996221
         jshalek@phillipslawyers.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and service will be made either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Filing.


          /s/ Jeffrey B. Shalek
             Jeffrey B. Shalek